JOHN KULWICKI AND MARTIN KULWICKI v. COLIN
MUNRO.

*Negligence—Municipal corporations—Public improvements—Liability of contractor.*

Where a member of the board of public works of a city has by the board been placed in charge of a grading and paving job as inspector, under statutory authority conferred upon the board, his action in directing the filling in of an excavation at a street crossing, and the removal of the barrier placed there by the contractor pursuant to his contract, may well be presumed to be within his authority as such inspector, and relieves the contractor from liability for damages resulting therefrom.

Error to Wayne. (Hosmer, J.)    Argued January 11, 1893.    Decided March 10, 1893.

Negligence case. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*William Look* and *H. F. Chipman,* for appellants.

*William J. Gray,* for defendant.

MONTGOMERY, J.    Defendant contracted with the city of Detroit to grade and pave Chene street, in said city, and by his contract stipulated as follows:

" To erect and maintain a good and sufficient fence, railing, or barrier around any and all excavations necessary for said work, in such a manner as to prevent accidents; to place upon such railing, fence, or barrier, at twilight on each day, suitable and sufficient colored lights, and keep them burning during the night; and, further, to pay to, indemnify, and save the city harmless against all loss and damage which may be occasioned or arise by reason of any negligence or carelessness on his part in doing such work; to do all work in a thorough and workmanlike manner, and conform in every particular to the plans, specifica-

tions, and directions of the board of public works, and in a manner to interrupt as little as practicable the free use of the street by the public."

Plaintiffs were owners of a hack, and while plaintiff Martin Kulwicki was driving at the intersection of Hale and Chene streets, at a point where an excavation had been made and filled in with a temporary sand filling, the wheels of the carriage sank into the sand, and, coming in contact with the street-railway track, the hack was damaged, and this suit is brought to recover these damages.

The declaration counts on a wrong to plaintiffs—First, in failing to provide suitable and strong appliances for the crossing; and, second, in neglecting to furnish a suitable crossing at Hale street.

It appeared by the testimony that defendant had erected a barrier at this crossing, and that Mr. Langley, a member of the board of public works, caused the sand filling to be put in place by men in the defendant's employ, and directed that the barrier be removed. It is not contended that, apart from the contract, the defendant would be liable for doing or permitting his men to · do this work under the direction of the public authorities (as to which, see *City of Ottumwa v. Parks,* 43 Iowa, 119), but it is urged— First, that by the terms of the contract the defendant is made liable for such an' injury as this; and, second, that the action of one member of the board of public works is not the action of the board, and he is not relieved by reason of that fact.

As to the first contention, it is sufficient to say that the stipulation to erect and maintain a barrier around this excavation had been complied with by the defendant, and that the stipulation to save the city harmless from any loss or damage only relates to such loss or damage as should be occasioned or arise by reason of any negligence on the part of the defendant.

The testimony offered to show that the sand crossing was constructed by authority of the board of public works was that of Herman Taube, who testified that the paving of Chene street was within· the jurisdiction of William H. Langley, one of the members of the board of public works; that he had been placed by the board as inspector of the work, and that Mr. Langley had ordered a crossing of sand to be placed at Hale street, and the barrier removed; that the witness Taube, acting under this direction, took two of defendant's men, and directed them how much sand to place at the crossing. Authority in the board to authorize ·one of their members to perform such service is found in section 13, Act No. 392, Laws of 1873; and in the performance of work of. this character, which is under the supervision of the board, the action of a single member may well be presumed to be within his authority. See *Downing v. Rugar*, 21 Wend. 178. The case is distinguishable from *Davis v. City of Jackson*, 61 Mich. 539, as in that case the only authority sought to be shown was a statement made at a meeting of the board of public works, not recorded by any person, and, it did not appear whether it was by a member of the board or not, or whether the members assented to it.

The circuit judge directed a verdict for the defendant, and in this we think there was no error.

Judgment affirmed, with costs.

The other Justices concurred.