## City of Covington v. Exterkamp.

## Exterkamp v. Union Light, Heat & Power Company.

(Decided April 29, 1914.)

### Appeals from Kenton Circuit Court (Common Law & Equity Division).

1. Municipal Corporations—Construction of Streets—Exercise of Ordinary Care by Persons Using Streets.—It is the duty of a municipal corporation to exercise ordinary care to construct and maintain its streets in a reasonably safe condition for travel by persons using it in the usual way, and while exercising ordinary care; and it is the duty of the traveller to exercise ordinary care for his own protection and safety.

2. Municipal Corporations—Defect in Street—Injury to Traveller While Using Street.—Where a city permits a hole from two to ten inches deep to remain in its street after it could have known of the existence of the hole by the exercise of ordinary care, and a person travelling upon the street is injured by driving into the hole, the city is liable in damages.

3. Municipal Corporations—Excavation in Street by Gas Company —When Company Not Liable for Injury to Traveller.—Where a gas company excavated a hole in a street under the supervision of the city, which required the company to fill the hole and leave it for the city, by its own servants and employees, to re-surface the street over the excavation, and the company completed its work, leaving it for the city to re-surface the excavation, the company was not liable to a traveller who subsequently was injured by striking the hole.

FREDERICK W. SCHMITZ for the City of Covington.

F. J. HANLON for Henry Exterkamp.

ROBERT C. SIMMONS for the Union Light, Heat & Power Company.

OPINION OF THE COURT BY JUDGE MILLER—Affirming on both appeals.

About 8 o'clock on June 5, 1912, the plaintiff Exter-kamp, a young man then 17 years of age, was thrown from his bicycle by striking a hole in the street while riding on Greenup street, in Covington.

Exterkamp was "coasting" down hill on the west side of the street, and in order to pass a wagon in front of him he turned his bicycle toward the east side of the street, crossing two street railway tracks; and when he reached the space between the eastern rail and the east curb of the street, he struck the hole and was thrown from his bicycle to the ground, breaking his arm.

An excavation had been made in the surface of the brick street by the Union Light, Heat & Power Company in putting a gas service pipe into the residence of Dono-van fronting on Greenup street; and after the connection had been made the company's servants had filled the excavation by pounding and ramming in the earth in the usual way, and covering over the top, which was a little higher than the adjoining surface of the street, with cinders.    The company's servants did not replace the bricks which they had removed from the surface of the street in making the opening, because the city super-intendent of streets required that work to be done by its own agents at the expense of the property holder; and although, at the time of the accident, the gas connec-nection had been completed by the company for perhaps two weeks, the city had not reconstructed the surface of the street.

The opening dug by the company to make the connec-tion was two and one-half feet wide, and six feet long, thus leaving a dirt surface in the street of that size.

In about a week after the company had replaced the earth in the ditch and had rammed it down and placed cinders upon it as above indicated, the surface of the cinder covering began to be worn by the passage of ve-hicles; and at the time of the accident the hole had reached a depth of from two to ten inches in the center, the sides sloping gradually to the adjoining surface.    It was this hole that Exterkamp struck while riding his bicycle, at the time of the accident.    He stated to one witness that he knew of the existence of the hole and tried to miss it, but failed.

Exterkamp sued the city and the Union Light, Heat & Power Company; and having recovered a verdict and judgment for $500.00 against the city, it prosecutes the first appeal; and the court having directed a verdict for

the Union Light, Heat & Power Company, Exterkamp prosecutes the second appeal from a judgment rendered accordingly.

There was evidence to the effect that Exterkamp was not only going down hill at a great speed, but was "coasting," and retaining little, if any, control over the speed of his bicycle.

The two appeals will be disposed of in this opinion. 1. Taking up the appeal of the city first, it assigns two grounds for a reversal: (a) that the trial court should have sustained its motion for a peremptory instruction, and (b) that the court improperly instructed the jury in permitting it to predicate the city's negligence upon a finding that the depression in the street was from two to three inches deep in the center, slanting to that depth from an even surface at the sides. The two objections may be considered together, since there was evidence tending to show that the hole was from two to ten inches in depth; and if the hole was as much as ten inches deep it was clearly an unsafe street. And while the weight of the evidence probably shows the hole was only two and one-half or three inches deep, it was for the jury to pass upon that disputed question.

The city offered an instruction based upon its evidence, and to the effect that if the jury believed that the hole was two and one-half or three inches deep in the center, they should find for the city; but the court refused to give the instruction thus specifying the size of the hole, and in lieu thereof, instructed the jury that it was the duty of the city to exercise ordinary care to construct and maintain its streets in a reasonably safe condition for the use of persons traveling upon it in the usual mode of travel, while exercising ordinary care; and that it was the duty of the plaintiff in traveling upon the street to exercise ordinary care for his own protection and safety.

The jury was further instructed that if there was a hole in the street which made it unsafe or dangerous for travel by persons exercising ordinary care and prudence for their own safety, and that Exterkamp while exercising ordinary care and prudence ran into said hole and was thereby injured, and that the city knew, or by the exercise of ordinary care could have known of the presence of the existence of the hole and the condition of the street long enough before the time of the accident to have repaired it by the exercise of reasonable diligence

on its part, and could thereby have prevented the injury to plaintiff, they should find against the city.

Another instruction directed the jury to find for the city in case it believed Exterkamp was himself negligent, and that he would not have been injured but for his own contributory negligence.

There is no criticism concerning the technical correctness of the instructions given; it is principally insisted that the court should have peremptorily instructed the jury to find for the city. We think, however, there was ample evidence to carry the case to the jury; and the instructions having properly presented the rights and liabilities of the respective parties thereunder, the city has shown no grounds for a reversal.

2. Upon the appeal of Exterkamp against the Union Light, Heat & Power Company, he insists that as this is a joint action against the city and the Union Light, Heat & Power Company for negligently leaving the street in a dangerous condition, both were liable; and a great many authorities have been cited to that effect.

There can be no dispute that such is the law; but the proof in this case failed to bring the company within the rule invoked. It was shown, without contradiction, that when the company had completed its work of making the service connection between its main pipe and the residence of Donovan, it filled in the earth, and in addition placed cinders over the top of the earth thus replaced, so that the top surface was rounded up and somewhat higher than the adjacent street, and that there was a rule or regulation of the public works department of the city of Covington, which had been in force a number of years, prohibiting the lighting company from restoring the brick surface of streets torn up by it in the installation of service pipes.

The city followed this general rule in this case, by requiring Donovan to deposit $10.00 with the city to pay for the expense of re-surfacing the street, which was finally done in this case at an expense of $3.60, the remaining $6.40 having been repaid to Donovan by the city. The work of the lighting company had been finished at least a week before the time of the accident; and under the regulation above referred to, that company's work had been finished, and the city then had the sole control of the street. That being true, there could be no liability against the lighting company. Memphis As-

phalt Paving Co. v. Fleming, 132 S. W., 222, is directly in point.

See also Kulwicki v. Munro, 95 Mich., 28; Burnes v. City of St. Joseph, 91 Mo. App., 489; First Presbyterian Congregation v. Smith, 163 Pa., 561; and Kentucky Statutes, section 3094.

Section 3119 of the Kentucky Statutes, being a part of the Charter of Cities of the Second Class, expressly authorizes the superintendent of public works of cities of that class to supervise, among other things, the laying of gas, water and sewer pipes through any street or alley, and the issuing of permits for the connecting with any gas, water or sewer pipes.

The proof being uncontradicted that before the accident happened, the lighting company had properly finished its work and had left the street with the city for it to replace the brick surface under the regulation which prohibited the company from doing that work, the court properly directed the jury to acquit the company of liability.

The judgment on each appeal is affirmed.