RUSSELL THEODORE BEEBE, by CARL A. BEEBE, His Next Friend, v. KANSAS CITY, Appellant.—34 S. W. (2d) 57.

Division One, January 5, 1931.

*John T. Barker* and *Robert J. Ingraham* for appellant.

*Walter H. Maloney* and *Cowgill & Popham* for respondent.

GANTT, P. J.—Action to recover for personal injuries. Plaintiff by next friend charged defendant with failure to exercise ordinary

care to keep one of its streets in a reasonably safe condition for travel. The answer was a general denial with plea of contributory negligence. The reply was a general denial. Judgment for $12,000, and defendant appealed. ·

Plaintiff was fourteen years and seven months of age at the time of injury. His father had judgment for loss of services resulting from the injury, which judgment was affirmed by the Kansas City Court of Appeals. [Beebe v. Kansas City, 17 S. W. (2d)ꞏ 608.] Defendant contended in that case that its demurrer at the close of the evidence should have been sustained for the reason the plaintiff was guilty of contributory negligence. The Court of Appeals overruled the contention. In this case it makes the same contention.

There is evidence tending to show that plaintiff was a delivery boy for a pharmacy at 51st Street and Troost Avenue, Kansas City, Missouri; that he made deliveries by traveling on his bicycle and had been so engaged for eight days before injury; that on September 6, 1926, he worked from six P. M. to twelve-ten A. M.; that he then proceeded on his unlighted bicycle toward home; that in doing so he traveled north on the east side of Troost Avenue; that when he reached a point on said avenue between 48th and 49th Streets, and while traveling six to ten miles an hour, the front wheel of his bicycle ran into a deep crevice in the paving, causing him to be thrown to the pavement and injured; that at the time there was an unlighted street light located nearby which, if lighted, would have afforded light to that part of the avenue; that plaintiff did not know of this crevice and did not see it while traveling on the night in question over that part of the unlighted avenue; that he did see crevices or holes some distance south of the place of injury, but was able to do so because the street light serving that part of the avenue was lighted; that he had ridden over that part of the avenue several times in an automobile and noticed the pavement was rough and in bad condition; that he had also driven his bicycle over that part of the avenue two or three times and noticing the rough condition of the paving traveled on the street-car track, which was in better condition; that he did not on these occasions notice the crevice causing his injury or other large crevices or holes in the pavement.

In ruling the demurrer this evidence must be taken as conclusive. It therefore appears that plaintiff knew the pavement was rough. On his way home he saw crevices to his right some distance south of place of injury and where the pavement was lighted from a nearby street light. However, he did not know of large crevices before he rode over the pavement on this night. As he approached the place of injury at a moderate rate of speed, he could see to travel, but could not see crevices in the unlighted part of the pavement. He was

traveling on the proper side of an avenue which the defendant undertook to light in the nighttime for use by the public. Under the circumstances he cannot be convicted of negligence as a matter of law for riding an unlighted bicycle over this part of the avenue in the nighttime. He was authorized ''to assume that the municipality has exercised ordinary care to keep its streets reasonably safe for travel in the general and usual mode.'' It follows the demurrer was well ruled. [Beebe v. Kansas City, supra, 17 S. W. (2d) 608; Bethel v. St. Joseph, 184 Mo. App. 388, l. c. 390, 171 S. W. 42.]

Defendant challenges an instruction which follows:

''The court instructs the jury that in defense of this action defendant has interposed the plea that plaintiff was guilty of negligence which contributed to his alleged injuries, and in this connection you are further instructed that the defense of contributory negligence is a special defense and the burden of proof is upon defendant Kansas City to establish such defense by the preponderance of the evidence, that is, by the greater weight of the credible evidence, and unless you believe from the evidence that defendant has established such defense by the greater weight of the credible evidence in this case, then you cannot find for defendant Kansas City upon said issue.

''If you believe from all the evidence that plaintiff at all times referred to in evidence exercised such care for his own safety as would usually be exercised by an ordinarily careful and prudent person of the then age, intelligence and capacity and experience of plaintiff, then you cannot find him guilty of contributory negligence or that he was guilty of any negligence whatsoever.''

It is contended the instruction was equivalent to a direction not to consider the testimony of plaintiff and his witnesses on the issue of contributory negligence. The contention is without merit for the instruction directs the jury that the ''burden of proof is on defendant to establish the defense of contributory negligence . . . by the greater weight of the credible evidence *in the case.*''

It is also contended it was error to instruct the jury to consider the age, experience, mentality and capacity of plaintiff. This contention is also without merit. In Burger v. Ry. Co., 112 Mo. 238, l. c. 249, 20 S. W. 439, we said:

''A boy may have all the knowledge of an adult respecting the dangers which will attend a particular act, but at the same time he may not have the prudence, thoughtfulness and discretion to avoid them, which are possessed by the ordinarily prudent adult person. Hence, the rule is believed to be recognized in all the courts of the country, that a ' child is not negligent if he exercises that degree of care which, under like circumstances, would reasonably be ex-

pected of one of his years and capacity. Whether he used such care in a particular case, is a question for the jury.''

The cases on the question are reviewed in Jackson v. Butler, 249 Mo. 342, l. c. 368-374, 155 S. W. 1071, and the conclusion therein overrules this contention.

It is also contended the instruction does not submit the question of the boy's ability to understand and appreciate the danger. This contention is also without merit for the jury was directed to consider his age, intelligence, capacity and experience.

Defendant next complains of the argument of counsel for plaintiff. The matter was not mentioned in the motion for a new trial and therefore the question is not here for review.

Finally, it is contended the verdict is excessive. There is evidence tending to show that after injury, plaintiff discovered his left knee was injured. He was attended by a physician and taken to his home. He had a sleepless night, and on the following day was removed to a hospital and given surgical attention. The wound became infected from germ-laden dirt, the flesh turned black, emitted a foul odor, and the condition was accompanied by high temperature. Dead tissue was removed from time to time and plaintiff was later removed to his home where he was subjected to surgical dressings daily. The following month he returned to the hospital where surgical construction of his knee was undertaken by removing skin from the other leg for grafting. After three weeks of this treatment he was again taken home and for some time subjected to surgical dressings. He then, on crutches, visited the office of his physician several months for dressings. His leg was badly swollen, the flesh became dead and sloughed from the wounded area. The injury exposed the knee-cap and large tendon at the lower part thereof. A ''hollowed-out'' condition resulted at the top of the calf and a heavy deposit of scar tissue extends eleven inches downward from above the knee-cap. At the time of trial plaintiff was under medical care, unable to be on his feet or to in any way exercise, and suffered intense pain by bending the knee. The leg continues to swell to the foot, development of the leg has been retarded and is without muscular power. The destroyed tissue can never be restored and the muscles of the leg will never be developed. He is unable to work, permanently injured and has been unable to regularly attend school. The scar tissue is tender and continues to crack open and exudes a substance like corruption. He must continually bathe his leg and paint it with iodine. As a result of the injury his entire body has been permanently disabled as much as twenty-five per cent; he will continue to suffer pain and is permanently crippled.

This evidence considered, we do not think the verdict excessive. The judgment should be affirmed. It is so ordered. All concur.