James WILLIAMS, Jr., By His Parents, Mr. and Mrs. James E. Williams, Respondent,

v.

KANSAS CITY, Missouri, a Municipal Corporation, Appellant.

No. 44179.

Supreme Court of Missouri.

Division No. 2.

Jan. 10, 1955.

David M. Proctor, City Counselor, John J. Cosgrove, Associate City Counselor, T. James Conway, Asst. City Counselor, Kansas City, for appellant.

F. L. Thompson, A. C. Popham, Sam Mandell, Kansas City, for respondent. Popham, Thompson, Popham, Mandell, Trusty & Green, Kansas City, of counsel.

BARRETT, Commissioner.

In this action for $15,000 for personal injuries to James Williams, Jr., who was twelve years old in 1950, the jury returned a verdict for $1,000. The plaintiff filed a motion for a new trial as to the amount of the damages only. By reason of the inadequacy of the damages awarded, the trial court sustained the motion and the defendant, Kansas City, has appealed. Upon the appeal the city makes two claims, one, that a verdict should have been directed in its favor because, under the evidence, James was guilty of contributory negligence as·a matter of law and, two, that the trial court abused its discretion in granting a new trial solely on the question of damages.

James was injured on the 31st day of August 1950, a bright, clear day, when the bicycle he was riding on 59th Street struck a raised manhole in the street. James and his mother were visiting Mrs. Jones that day and James and Tommy Jones were returning from a grocery store errand. 59th Street, at that point, was downgrade and James was coasting. at a speed of fifteen to twenty miles an hour with Tommy riding his sister's bicycle some distance behind. The manhole was directly in the middle of the street with concrete or asphalt built up around the protruding portion of the manhole. It had been there in the street five or six years. According to the plaintiff's evidence the manhole, at its highest point, was elevated above the pavement ten or twelve inches. According to the city's witnesses the manhole was elevated a mere two, three or four inches and was gradually sloped off, presenting no hazard whatever. In fact, several boys in the neighborhood often raced their bicycles over the raised area just for the thrill of the slight "lift." Jimmy had probably seen the manhole when riding in an automobile but he had not paid particular attention to it. On this day, as he coasted downhill, he could see the manhole in the street but he could not see that it was dangerously raised. The street was twenty-six feet wide and James was riding with his bicycle five or six feet, maybe seven or eight, from the curbing and, had he been watching and looking ahead at the moment, would have seen and missed the manhole. But, when he was about fifty feet away, Tommy yelled, "Hey, Jim, look out." Jim thought he was being warned of an approaching automobile and looked back over his shoulder and his bicycle "drifted over towards" the manhole, "kind of glided over thataway," and, as he again looked forward, struck the manhole and overturned.

In these circumstances it is claimed that Jimmy in failing to look in the direction he was traveling, when by looking he could have seen the manhole and avoided it, was guilty of contributory negligence as a matter of law. It is not urged that he was guilty of contributory negligence when he was distracted by Tommy's warning and looked back; on the contrary, the city admits that "He was legally excused for looking back, under these circumstances." Specifically the claim is that "he was not excused for *continuing* to look back after he saw there was no danger from the rear." It is said that in riding his bicycle "a substantial distance, while looking backward"— he was warned when fifty feet away—"it (is) we think fairly inferable that the distance was from 30 to 40 feet—all the while looking backward," that the distance was great enough for him to have looked forward again and have avoided the manhole and that because of his failure to do so, despite his age, he should be declared guilty of contributory negligence as a matter of law. In connection with the argument of both the appellant and the respondent the cited cases of children walking across or playing near railroad tracks, of automobile collisions, and of pedestrians injured on sidewalks, are helpful and persuasive only in so far as they deal with the general principles governing negligence and contributory negligence, particularly so in view of the numerous cases dealing with bicycles and injuries due to failure to maintain streets in a reasonably safe condition for travel. 7 Am.Jur., Secs. 13, 18; annotation 47 L.R.A. 289. The city tacitly concedes, upon this record, that its liability was for the jury to resolve and while the inferences the city would draw as to Jim's

contributory negligence are permissible ones, they certainly are not the only inferences compelled so that the fact could plainly be declared as a matter of law. All the circumstances considered reasonable minds could well differ, and whether Jim's conduct was so negligent as to bar his recovery was likewise a question of fact for the jury to resolve. Beebe v. Kansas City, 327 Mo. 67, 34 S.W.2d 57; Beebe v. Kansas City, 223 Mo.App. 642, 17 S.W.2d 608; Bethel v. City of St. Joseph, 184 Mo.App. 388, 171 S.W. 42; Warren v. Kansas City, Mo., 258 S.W.2d 681; City of Covington v. Exterkamp, 158 Ky. 599, 165 S.W. 967.

■ The second assignment that the trial court abused its discretion in granting the plaintiff a new trial limited to the single issue of damages, V.A.M.S. § 510.330, is based upon the claim that the city's liability, by reason of the evidence as to Jim's contributory negligence, was not clear and convincing, that from the inadequate award of $1,000 it is obvious "the verdict is the result of compromise on the part of the jury," and, therefore, the new trial as to a single issue only unjustly deprives the city of substantial rights. The granting of a new trial as to a single issue certainly results in the final determination of certain issues and it may well be, depending on the point of view, that the fact results in the deprivation of some rights, but by reason of the policy inherent in the new trial statute, Section 510.330, the trial court's determination in this respect is reviewable only for an abuse of discretion. Annotation 29 A.L.R.2d 1199, 1213; Murphy v. Kroger Grocery & Baking Co., 350 Mo. 1186, 171 S.W.2d 610. There is neither claim nor demonstration that the verdict resulted from passion and prejudice on the part of the jury, thereby compelling a new trial on all issues. Brown v. Moore, Mo., 248 S.W.2d 553, 559. There is no claim that the issues of liability and of damages are not separable. Wright v. Estep, 194 Va. 332, 73 S.E.2d 371. While the verdict has been found to be inadequate, which is equivalent to a finding that it was against the weight of the evidence on that issue, Widener v. St. Louis Public Service Co., 360 Mo. 761, 230 S.W.2d 698, it was nevertheless substantial and the mere finding of inadequacy does not necessarily compel or demonstrate a finding that the verdict resulted from a compromise by the jury either as to damages or liability. Lilly v. Boswell, 362 Mo. 444, 242 S.W.2d 73. In this case the only issue as to damages was reasonable compensation for Jim's personal injuries. His father and mother have a separate suit pending and the verdict in this case is not flagrantly disproportionate to even the actual medical expense or loss of earnings, a circumstance some courts have considered as demonstrative of a compromise of liability on the part of the jury. Hendrikson v. Koppers Co., Inc., 11 N.J. 600, 95 A.2d 710; Leipert v. Honold, 39 Cal.2d 462, 247 P.2d 324, 29 A.L.R.2d 1185. Here the trial court, in exercising its discretion, is deemed to have considered the possibility of unjust prejudice to the defendant, the court simply weighed the evidence, which was undisputed, and found that the jury's award of damages was inadequate, and it is not demonstrated upon this record that the trial court so abused its discretion as to compel this court to grant a new trial upon all the issues. Lilly v. Boswell, supra; annotation 29 A.L.R.2d 1199; 39 Am.Jur., Secs. 21–24. Accordingly the judgment is affirmed and the cause remanded.

WESTHUES and BOHLING, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

ELLISON, P. J., LEEDY, J., and CAVE and ANDERSON, Special Judges, concur.