**William A. SAPP, Respondent,**

v.

**Edna Mae KEY and Mildred Marie Bent, Executrices under the last will and testament of T. M. Matt, deceased, Appellants.**

No. 44769.

Supreme Court of Missouri.

Division No. 1.

March 12, 1956.

F. X. Cleary, John S. Marsalek, Moser, Marsalek, Carpenter, Cleary & Carter, St. Louis, for appellants.

Tenney, Dahman & Smith, E. H. Tenney, Jr., St. Louis, for respondent.

COIL, Commissioner.

Respondent William Sapp, hereinafter called plaintiff, was a passenger in a panel truck being operated by one T. M. Matt,

when, at about 9:30 p.m. on July 1, 1950, Matt drove his truck into the rear of an automobile which was stopped on Macklind Avenue at the place where that street intersects the south side of Oakland Avenue. Plaintiff sued Matt for $35,000 damages for personal injuries allegedly sustained as a result of the collision. During the pendency of the action, Matt died and his executrices were substituted. Plaintiff had verdict and judgment for $1,000. He filed a motion for new trial on the issue of damages only on the ground that the amount of the judgment was grossly inadequate. Appellants, hereinafter called defendants, did not file a motion for new trial. The trial court sustained plaintiff's motion for new trial on the issue of damages only and defendants appealed from that order.

Defendants contend that the trial court erred in granting plaintiff a new trial because, they say, the record demonstrates that the trial court failed to exercise judicial discretion in awarding the new trial but, on the contrary, acted arbitrarily. Defendants correctly assert that the discretion vested in a trial court is a judicial discretion as opposed to a power to act arbitrarily. The trouble with defendants' position in the instant case is that in our view the record does not demonstrate that the court failed to exercise its judicial discretion in ruling plaintiff's motion for new trial.

Defendants, to sustain their contention to the contrary, point to these matters: that the evidence on the question of plaintiff's injury was such that a jury reasonably could have found that plaintiff sustained only slight lacerations of his knees and forehead; that the trial court throughout the trial interrupted and at times "took over" the examination of various medical witnesses in such manner as to indicate that the trial judge favored plaintiff's claim; that the trial court erroneously forced into the case the fact that defendants' decedent had insurance covering his liability, if any, for the casualty out of which plaintiff's claim arose; that the trial court made this statement after the jury had retired to de-

liberate: "that on the basis of the evidence heard here in the trial which is concluded * * * it is the Court's feeling that a verdict for the defendants would be a verdict against the weight of the evidence"; that the trial court, after having sustained the plaintiff's motion for new trial on the issue of damages only, thereafter amended that order, nunc pro tunc, by adding the words "because of the inadequacy of the amount of the verdict" and filed a memorandum in which the court stated that while there was no necessity for the nunc pro tunc order, there was likewise no objection to making it, and that inasmuch as the new trial order was being made within 30 days after the entry of the judgment, the court was willing that "the record reflect this order granting the new trial on the issue of damages only because of the inadequacy of the verdict is made on the Court's own motion, as well as upon the motion of plaintiff." Defendants say that the foregoing matters and incidents demonstrate that the trial court "was in no frame of mind, when the motion for a new trial was filed, to listen to counsel's arguments and to render a calm judicial ruling on the motion. The Court's mind was already closed, as is shown by his remark, while the jury was out."

For present purposes, we shall assume, without deciding and without any intimation that we have so decided, that the frequent interjections by the trial judge during the examinations of medical witnesses were such as to cause the jury to believe that the court favored plaintiff's claim, and we shall assume further that the court erred in causing the evidence as to defendants' insurance coverage to be heard by the jury; and it is true that the record does reflect both that the trial court made the statement concerning its then belief as to the weight of the evidence and the statement, noted above, with respect to the motion for new trial being sustained on the court's own motion. Making those assumptions and giving full effect to the two matters reflected by the record, we think it is apparent that those matters and incidents, neither separately nor cumulatively, demonstrate that the trial court failed to exercise its judicial discretion in passing on plaintiff's motion for new trial.

The trial was concluded on December 2, 1954; plaintiff's motion for a new trial on the damages issue only was filed on December 8, 1954; plaintiff's motion was sustained on December 17, 1954, after, the record shows, "the said motion of plaintiff for a new trial on the issue of damages only was heard by the Court * * *." Even if we assume that the unfortunate remark of the trial court, made while the jury was deliberating, demonstrated some anger or pique on the court's part at the time, still, in order to sustain defendants' present contention, we should have to hold that by reason thereof and the other mentioned incidents, the court was incapable of exercising judicial discretion 15 days thereafter. A basis for such a conclusion is not demonstrated. And the memorandum explaining the nunc pro tunc order and permitting the record to reflect that the new trial was granted on the court's own motion as well as on plaintiff's motion, was, so far as we may determine from the record, simply an attempt to prevent any possible later technical objection to affect the validity of the trial court's order sustaining plaintiff's motion. For the reasons stated, we hold that defendants have failed to sustain their contention that the trial court failed to exercise its judicial discretion in ruling plaintiff's motion.

Defendants contend also that the trial court erred in awarding plaintiff a new trial on the issue of damages only because "plain error" against defendants was committed in the course of the trial on the liability issue. As we understand defendants' supporting argument, there are two separate contentions involved. One, that in determining whether a trial court abused its discretion in ordering a new trial on the issue of damages only, an appellate court should consider and review any alleged errors committed during the trial which are urged on appeal by defendants whether or not those alleged errors were preserved in a motion for new trial; and if the reviewing court finds that error prejudicial to de-

fendants occurred in the trial affecting the liability issue, then, it has been demonstrated that the trial court did abuse its discretion in granting a new trial on the damages issue only, because no new trial should ever be granted on one issue where prejudicial error in the trial occurred as to the other issue. The other contention, as we understand, is that, in any event, an alleged error here urged as having occurred at the trial was "plain error" affecting the substantial rights of defendant to the extent that we, in our discretion, should conclude that manifest injustice or miscarriage of justice has resulted. Supreme Court Rule 3.27, 42 V.A.M.S.

■ Before considering the above-noted contentions, we should make it clear that defendants do not here contend that if the trial court did exercise its judicial discretion, and we have held that it did, the trial court abused that discretion in so far as it ruled that the amount of damages contained in plaintiff's judgment was grossly inadequate. Suffice to say, therefore, as to the inadequacy of damages question, that the record shows that whether the jury's award of damages was adequate depended upon whether the jury found that plaintiff sustained only the superficial injuries heretofore mentioned or whether he sustained, in addition, a herniated or a protruding intervertebral disc as a result of the accident. There was substantial probative evidence to justify a trial court, upon weighing all the evidence, to reasonably conclude that the $1,000 awarded as damages was grossly inadequate. This, because the trial court reasonably could have found that the failure of the jury to award any damages for the disc injury was in fact a finding against the weight of the evidence. The effect of the trial court's order granting a new trial on the ground of the inadequacy of the damages was to grant a new trial on the ground that the verdict was against the weight of the evidence. Steuernagel v. St. Louis Public Service Co., 361 Mo. 1066, 1074, 238 S.W.2d 426, 431 [9–13]. And the trial court, in the exercise of its judicial discretion, had the power to grant one new trial on that ground. Section 510.330, RSMo 1949, V.A.

M.S. This, even though there was also substantial probative evidence to sustain the jury's award of $1,000, and this also, even though we might, if we weighed the evidence, reach an opposite conclusion from that reached by the trial court as to the weight of that evidence. Hoppe, Inc., v. St. Louis Public Service Co., 361 Mo. 402, 404, 235 S.W.2d 347, 349 [3, 4], 23 A.L.R.2d 846. An appellate court will not interfere with a trial court's discretionary new trial ruling unless there has been an abuse of that discretion. Westinghouse Elec. Supply Co. v. Binger, Mo.App., 212 S.W.2d 445, 447 [5].

■ Returning now to a consideration of the matters suggested heretofore, it is true that when a trial court sustains a motion for new trial on the ground of inadequacy of damages and also sustains the motion for a new trial on the issue of damages only, the trial judge exercises a judicial discretion in two respects; first, in determining that the award of damages was such as to amount to a finding against the weight of the evidence on that issue, and second, in determining that a retrial of the damages issue alone may be had without unjust prejudice to the defendant. Williams v. Kansas City, Mo., 274 S.W.2d 261, 263. But the mentioned "unjust prejudice" involves, from the trial court's standpoint, only a determination of whether the damage and liability issues are separable under the facts of a particular case, and whether there has been a plain error committed at the trial affecting the liability issue which the trial court, in its discretion, deems would result in manifest injustice or a miscarriage of justice if the judgment as to liability were to stand. Supreme Court Rule 3.27. The trial court, however, in ruling that one issue only may be retried, does not, except to the extent above noted, consider any error which may have occurred during the trial of the case which has not been specifically called to its attention by the complaining party by a motion for new trial.

Now there is no claim here that the trial court abused its discretion in determining

that the issues of damages and liability could be fairly tried separately in so far as the sole question of separability was concerned. That is, defendants do not urge that liability and damages were so intermingled and interwoven as to make their separation not feasible. Consequently, in the first instance, we have presented only the claim that defendants may here urge any errors, whether or not preserved for review, which occurred during the trial and affected the liability issue.

■ As we have noted heretofore, defendants in the instant case did not file a motion for new trial. Consequently, no claim of error occurring during the trial affecting the liability issue was before the trial court. Section 512.160(1), RSMo 1949, V.A.M.S., provides that except for questions not here involved, "no allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court." And Supreme Court Rule 3.23 provides that allegations of error must be presented to the trial court in a motion for new trial in order to be preserved for appellate review. Thus, defendants are precluded from here urging errors allegedly committed in the trial affecting the issue of liability unless they were plain errors which may be considered by reason of the provisions of our Rule 3.27. Lilly v. Boswell, 362 Mo. 444, 453 [3], 242 S.W.2d 73, 77 [8–10]. See, however, Ukman v. Hoover Motor Express Co., Mo., 269 S.W.2d 35, 36 [1], as to the necessity for properly preserving for review even the alleged error of no submissible case.

Defendants argue that to hold, as we have held, that it is essential that the defendant, in a case like the present one, file a motion for new trial alleging any errors he may then or thereafter wish to urge, or hazard the possibility that he will be required to retry the case on the issue of damages only, tends to defeat rather than accelerate the disposition of litigation. While no observation of ours could affect or change the plain provisions of the applicable statutes, nevertheless, it may not be amiss to here observe that we do not consider that a defendant is, under the circumstances, in so

deplorable a plight as is urged. We see no reason why a defendant in a case, as here, in which he is dissatisfied with the verdict as to liability but is satisfied with the total judgment as long as it remains a total judgment on both damages and liability, may not file a motion for new trial on the issue of liability only, in the event that plaintiff files a motion for new trial on the issue of damages only. It would appear that if instant defendants' motion for new trial on liability only were sustained, and plaintiff's motion were overruled, plaintiff's monetary award would remain fixed in the event that a retrial on liability only again resulted adversely to defendants. And it would further appear that if the trial court awarded plaintiff a new trial on damages only, and overruled defendants' motion for a new trial on liability only, defendants would then be in a position to here urge the errors they preserved in their motion for all purposes, including that of demonstrating that the trial court abused its discretion in granting plaintiff a new trial on damages only.

The final question is whether the presently alleged errors committed by the trial court during the trial affecting the issue of liability were such errors as are contemplated as reviewable by Supreme Court Rule 3.27. That rule provides, in so far as here pertinent, that "Plain errors affecting substantial rights may be considered * * on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, * * * when the court deems that manifest injustice or miscarriage of justice has resulted therefrom." Defendants in their brief claim that the trial court erred in the trial of the liability issue by severely criticising defendants' counsel and by questioning medical witnesses in such manner as to give the jury the impression that the court favored plaintiff's side of the case, but the only error which they denominate as "plain error" and thus the only one which we need to consider in connection with Rule 3.27 is the claim that the trial court erroneously required "defendants' counsel to read, from Matt's deposition, his answer stating that he had insurance."

The record shows that defendants' counsel informed the court that he desired to read the deposition of T. M. Matt, deceased (the original defendant), and, with the court's approval, proceeded to do so. When counsel reached the place in the deposition where this answer appeared, "I made a statement to the man in front [referring to the driver of the automobile with which Matt's truck collided] that I had insurance, and he said something about calling the police, and I said, 'There's no use calling the police and starting a big rigamarole about it'", he omitted from that answer as he read it to the jury the words "that I had insurance." Plaintiff's counsel objected to the omission and, in an ensuing colloquy at the bench out of the hearing of the jury, the court took the position that defendants' counsel having undertaken to read the deposition had to read all of it, and overruled defendants' counsel's offer to withdraw the entire deposition, and further ruled that if plaintiff's counsel wished to read the omitted part, he might do so. The trial court apparently made the statement that plaintiff's counsel might read the *omitted line* within the jury's hearing and, upon objection thereto by defendants' counsel, the court stated that he intended that the jury hear that statement and then proceeded to explain to the jury that the court had ruled that the omitted part should be read. As a result, after defendants' counsel had made proper objection and a motion for the discharge of the jury, he complied with the court's order and read the entire answer as it appeared in the deposition.

We may observe that while defendants' counsel did not have the prerogative to himself select the part of a witness's answer he might choose to read and that he should have obtained the prior ruling of the trial court permitting him to omit the irrelevant and inadmissible part, and while defendants' counsel was subject to the trial court's censure for having failed to have proceeded properly in that respect, nevertheless, it would appear that the trial court's action in causing the fact that defendants' decedent had insurance coverage to be made known to the jury was improper. In other words, as we view it, whatever action the trial court wished to take in the nature of censure to defendants' counsel would not justify the trial court's unnecessarily inserting into the trial the fact of insurance. The matter of censuring the trial attorney was a separate matter, not related to the question of whether the jury should hear the irrelevant "insurance" testimony.

But we need not rule whether the action of the trial court in that respect was erroneous or whether, if so, the error was prejudicial to defendant on the issue of his liability. For present purposes, we shall assume both that the trial court erred and that the error was prejudicial to defendant on the liability issue. Even so, we have no doubt that such prejudicial error did not constitute the kind of error which we may say, in the exercise of our discretion, has resulted in manifest injustice or in the miscarriage of justice. We think that under no circumstances could the type of error relied on here, ever be considered a plain error within Rule 3.27, but to demonstrate specifically under the instant facts that the error here is patently not within 3.27, we point out that we could not say that the jury arbitrarily decided that defendants were liable for plaintiff's injuries simply because they knew there was insurance. Certainly not, in view of the fact that there was substantial evidence supporting defendants' legal liability and supporting plaintiff's freedom from contributory negligence, and in view of the further fact that both those issues were submitted to the jury by presently unattacked instructions. To say that the jury disregarded the directions of the court contained in those instructions and determined defendants' liability, not on the evidence and the law, but because defendants' decedent had covering insurance, would be wildly speculative and conjectural. The alleged error in the instant case may have been prejudicial to defendants and, if preserved, might have caused a retrial of the liability issue; but to show that an error was prejudicial is not enough to cause the conclusion that such error resulted in manifest injustice or in the miscarriage of justice.

It follows that the order of the trial court sustaining plaintiff's motion for new trial on the issue of damages only should be, and it is, affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.