**Bobby R. LOCKE, Appellant,**

v.

**J. H. MARKS TRUCKING COMPANY,
Inc., Appellee.**

No. 5289.

Court of Civil Appeals of Texas.
El Paso.

Oct. 7, 1958.

Rehearing Denied Nov. 19, 1958.

Winston, Charles H. Warren Burnett.
John K. Ford, Jr., Odessa, Robert Zeisen-
heim, Monahans, for appellant.

Turpin, Kerr & Smith, Emil C. Rass-
man, Max N. Osborn, Midland, for ap-
pellee.

FRASER, Justice.

This suit was filed by the appellant to
recover damages for personal injuries sus-
tained to one of his hands. The injury
occurred while appellant was working as
a rough-neck during rigging-up operations
at a drilling rig, which rig was being as-
sembled preparatory to drilling a well.
This is not a compensation suit, but is an
action brought against appellee based upon

1

the alleged negligence of its truck driver. The jury found that the truck driver was negligent in not keeping a proper lookout, but also found that appellant had failed to keep a proper lookout, and that such failure in each case was a proximate cause of the injury. The jury also found the sum of $10,000 was the amount of plaintiff's damage. The trial court then rendered judgment for the appellee based, of course, on the jury's finding as outlined above.

The appellee truck was described as a conventional bob-tailed truck with a gin pole and winch arrangement, used in transporting and raising and lowering objects to be used in the drilling rig. Appellant was working on a partially completed floor of the drilling rig. We have only a partial statement of facts for our guidance. It appears from such record that plaintiff's hand became involved with the shiv, or pulley, while it was being used, along with the cable running through it, to lift up a piece of steel for the derrick floor. There is considerable mention in both the briefs and the partial statement of facts that the plaintiff lost his balance, thereby causing the accident.

Appellant charges error in that the court should not have submitted the issues inquiring about failure to keep a proper lookout, or contributory negligence on the part of the appellant, in that there was no evidence, or insufficient evidence, either to warrant the submission of the issue or to justify the jury's answer thereto.

It is difficult to tell from what we have before us how the plaintiff's accusation that the truck had moved and caused him to lose his balance had anything to do with the accident. It is equally difficult to see why his statement that he slipped on some oil or something had anything to do with the accident. He says that something caused him to lose his balance, and he grabbed the gin-pole on the truck, which was extended over the derrick floor. The

reason for this difficulty is that plaintiff states flatly that his hands were at his sides, about belt-high, when a splinter eighteen or twenty inches long broke loose from the wire cable, pierced his glove and fingers, thereby drawing his hand into the pulley and causing the injury. He also states that the truck itself had nothing to do with his injury, apparently basing his claim on the truck driver's failure to stop the winch in time to prevent his injury. So it resolves itself into a question, the jury having found the truck driver guilty in this manner by failing to keep a proper lookout, of whether, on the basis of plaintiff's own testimony, the issue in question should have been submitted and answered in the way it was. His testimony is that while he was standing there with his hands by his side, a wire splinter broke loose from the cable and pulled his hand up into the pulley.

■ Where the statement of facts brought up on appeal is abbreviated or partial in its comprehension, we must assume that the excluded portion is favorable to, and supports the judgment of, the trial court. Also, it must be noted that the appellee here had specifically plead the plaintiff's failure to keep a proper lookout.

The only testimony we have as to the exact cause of the accident is from the plaintiff, an obviously interested party. The other testimony, which comes from the truck driver, deals with the manner and nature of the work, as well as the truck and its mechanical aspects.

■ We think, all things considered, that the court was justified in submitting the issue, and that there was sufficient evidence to substantiate the jury's answer thereto. All parties agreed that the cable was moving, either slowly or very slowly. It was broad daylight. Plaintiff testified that he had worked on rigs before and knew better than ever to take hold of a moving cable. This, in addition to his tes-

timony that the truck itself did not cause his injury, plus the fact that he said he was standing with his hands by his side, about belt-high, when the strand caught him by the hand and pulled him up into the pulley, seems to us to justify the submission of an issue as to whether he was maintaining proper and prudent lookout, and the jury's answer thereto. He testified that the driver should have stopped the cable, and the jury so found, but the jury apparently also felt that he had not exercised the care that a prudent person would have exercised under the circumstances there present. As stated before, we have only a partial statement of facts before us. This case is different than any of the cases cited by either party, in that there is no direct testimony by any one, either pro or con, as to whether plaintiff was or was not keeping a proper lookout; but because of the very nature of this type of accident, and because the plaintiff's testimony as to how it happened is not corroborated or contradicted, we think that the trial court was obligated to submit the matter to the jury. Whether or not a plaintiff exercised due care is ordinarily a question for the jury, and it is always the duty of a person to exercise ordinary care for his own safety, which includes keeping a proper lookout for any danger or dangers. This means, of course, that his negligence may be distinct and separate from any negligence of the defendant, and may be of a negative character, such as lack of vigilance: Watts v. Dallas Railway & Terminal Co., Tex.Civ.App., 279 S.W.2d 400 (n. r. e.) ; Alexander v. Missouri, K. & T. R. Co. of Texas, Tex.Civ.App., 287 S.W. 153 (writ dismissed).

Appellant also has complained that the court erred in not granting him judgment non obstante veredicto. We will not discuss this point, as we think it is covered by our previous discussion.

Appellant's points are accordingly overruled, and the decision of the trial court affirmed.