Lenzie UNDERWOOD, Respondent,

v.

Leo BROCKMEYER, Appellant.

No. 46577.

Supreme Court of Missouri,

Division No. 1.

Dec. 8, 1958.

George F. Heege, Clayton, for appellant.
Sidney Fortus, Clayton, for respondent.

COIL, Commissioner.

Respondent, plaintiff below, claimed $20,-000 as damages for personal injuries sustained as a result of a collision between his and appellant's automobiles. (We shall hereinafter refer to the parties as they were designated in the trial court.) Plaintiff had verdict and judgment for $1,250. The trial court sustained plaintiff's motion for new trial on the specified ground that the verdict of the jury was "inadequate and against the weight of the evidence," and ordered a new trial on the issue of damages only. Defendant has appealed from that order, and here contends that the trial court abused its discretion in granting a new trial on the ground specified because there was insufficient substantial evidence to support a larger verdict and that the trial court erred in granting a new trial on the issue of damages only because the court's finding that the verdict was inadequate had to be based upon the jury's misconduct and because the issues of liability and damages were so interwoven as to make a trial of one without the other an injustice to defendant.

Defendant concedes that plaintiff made a submissible case. Consequently, it suffices to state as to the circumstances of the accident that plaintiff, driving west on Page Boulevard a short distance west of Ferguson Avenue in St. Louis, brought his automobile to a complete stop and thereafter his automobile's rear was struck by the front of defendant's westbound automobile.

"The effect of the trial court's order granting a new trial on the ground of the inadequacy of the damages was to grant a new trial on the ground that the verdict was against the weight of the evidence. Steuernagel v. St. Louis Public Service Co., 361 Mo. 1066, 1074, 238 S.W. 2d 426, 431 [9–13]. And the trial court, in the exercise of its judicial discretion, had the power to grant one new trial on that ground. Section 510.330, RSMo 1949,

V.A.M.S. This, even though there was also substantial probative evidence to sustain the jury's award of $1,000, and this also, even though we might, if we weighed the evidence, reach an opposite conclusion from that reached by the trial court as to the weight of that evidence. Hoppe, Inc., v. St. Louis Public Service Co., 361 Mo. 402, 404, 235 S.W.2d 347, 349 [3, 4], 23 A.L.R. 2d 846. An appellate court will not interfere with a trial court's discretionary new trial ruling unless there has been an abuse of that discretion. Westinghouse Electric Supply Co. v. Binger, Mo.App., 212 S.W. 2d 445, 447 [5]." Sapp v. Key, Mo., 287 S.W.2d 775, 779 [2–5]. In view of the foregoing well-established principles, we find no merit in defendant's incidental contention that a trial court's order granting a new trial on the ground of inadequacy of verdict should be reviewed de novo on appeal under the provisions of Section 510.310 subd. 4, RSMo 1949, p. 822, 31 V.A.M.S. (pertaining to review of non-jury law trials).

■ In determining whether there was substantial probative evidence to justify the trial court, upon weighing all the evidence, to reasonably conclude that the $1,250 awarded as damages was grossly inadequate, we consider the relevant evidence from a standpoint favorable to the trial court's ruling, which, in this instance, means that we consider the evidence from a standpoint favorable to plaintiff. Steuernagel v. St. Louis Public Service Co., 361 Mo. 1066, 238 S.W.2d 426, 431.

■ Plaintiff, 39 at trial time, had been employed for ten years at McDonnell Aircraft Corporation. There was evidence that as a result of the accident plaintiff had lost $681.56 in wages and had expended $354.94 for medicines, orthopedic appliances, and medical services. It is thus apparent that a trial court reasonably could have believed that plaintiff's special damages amounted to $1,036.50 and that the jury's verdict exceeded that amount by only $213.50.

We see nothing to be gained by a detailed résumé of plaintiff's medical evidence. A brief summary is sufficient to demonstrate that the trial court did not abuse its discretion in the instant case. Plaintiff sustained a whiplash injury to his neck involving the disk between the sixth and seventh cervical vertebrae with resultant neck pain and difficulty of movement and a radiculitis (an irritation) of the second and third cervical nerve roots. He also sustained an injury to the nerve roots at the third lumbar intervertebral joint body level, probably caused by a ruptured intervertebral disk between the third and fourth lumbar vertebrae.

Plaintiff had suffered with diabetes since 1950, but that disease had been fully controlled by the use of insulin, so that prior to the accident he was in good health. He returned to work after approximately five weeks at an increased wage rate in a capacity which did not require the physical effort theretofore exerted.

Plaintiff was examined and treated by three doctors—an internist, an orthopedist, and a neuropsychiatrist, who, in the main, agreed on the injuries suffered, plaintiff's condition at trial time, and the prognosis. Medication was administered for pain, traction was applied to stretch the neck, and an orthopedic corset was prescribed and worn to limit low-back motion. Plaintiff's neck pain and headaches which he had suffered had disappeared by August 1956 (accident date, March 31, 1956), but the continuous dull ache and pain in the low back still existed at trial time.

There was medical opinion that plaintiff's low-back injury and resultant pain and disability were permanent and that plaintiff's future occupational and recreational activities would be limited. There was also the medical opinion that if an operation were performed on plaintiff's back and the clinically diagnosed herniated disk was corrected by surgery, he would, nevertheless, continue to have pain and disability; and that if, instead of a herniated disk, it

was found that he was suffering from a torn nerve root with adhesions, his future disability and pain would be greater.

At trial time plaintiff continued to wear the corset for his low back and remained under medical care. Prior to the accident, he had engaged in gardening, hunting, fishing, and swimming, all of which he had been unable to accomplish since his injury. He was unable to sit in one position for any length of time and was unable to help with heavy housework. He had suffered and will continue to suffer pain and has become extremely irritable.

As noted, we have not attempted a full review of the medical evidence. The foregoing is sufficient, however, to make it abundantly clear that there was substantial evidence from which the trial court reasonably could have found that the $1,250 jury verdict was grossly inadequate and thus the trial court did not abuse its discretion in sustaining plaintiff's motion for a new trial. Millar v. Berg, Mo., 316 S.W.2d 499, 504 [8]; Ukman v. Hoover Motor Express Co., Mo., 269 S.W.2d 35, 39 [6], 41 [7].

■ Defendant also contends that the trial court erred in granting the new trial on the issue of damages only. Defendant's first asserted reason therefor is that because "the only ground for granting a new trial for excessive damages is bias and prejudice does it not follow that * * * granting a new trial for inadequacy of damages is tantamount to a holding that the verdict of the jury is tainted?" We are not sure we understand defendant's point and we do not agree with the premise that a new trial as to all issues on the ground that the damages are excessive may be granted only where bias and prejudice appear. In any event, it may be pertinent to say that when the trial court grants a new trial on the ground of excessiveness or on the ground of inadequacy, "it is equivalent to granting a new trial on the ground that the verdict is against the weight of the evidence." Steuernagel v. St. Louis Pub-

lic Service Co., supra, 238 S.W.2d 431 [9–13]. It is true that an excessive verdict, standing alone, does not indicate bias or prejudice or misconduct, and that bias or prejudice or misconduct which calls for a new trial rather than for the conditional correction of excessiveness by remittitur must be demonstrated upon the record. McCaffery v. St. Louis Public Service Co., 363 Mo. 545, 252 S.W.2d 361, 368 [7–9]. So, also, where a verdict is inadequate, i. e., an inadequate verdict, standing alone, does not indicate bias or prejudice or misconduct, but such, if any, must be demonstrated upon the whole record. Williams v. Kansas City, Mo., 274 S.W.2d 261, 263 [2–4].

■ Defendant's other stated reason for his contention that the trial court erred in granting a new trial on the issue of damages only is that "the facts surrounding the happening of the accident are so closely interwoven with the injury here claimed as to require a retrial on all issues." The trouble is, defendant does not point out how or wherein the issues of liability and damages are interwoven in the instant case or how or wherein the retrial of the damages issue only would result in any injustice to defendant, save and except to suggest that the "manner in which the accident occurred and the violence of the collision has a direct bearing upon the nature and extent of injury without which a jury could not properly evaluate the damages, if any, to plaintiff." It is apparent, however, that the evidence as to the manner in which the accident occurred and the violence of the collision is relevant at a trial of the issue of damages only, and that, consequently, the assigned reason is without merit.

■ Section 510.330 RSMo 1949, p. 2, 32 V.A.M.S., provides that a new trial may be granted on all or part of the issues. When a trial court has acted under that authority, it is deemed to have considered whether injustice to defendant would result and we may not properly hold that the court has abused its discretion by granting a new trial on the issue of damages only

unless it is made to appear upon the record that the damages issue may not be tried alone without injustice to the defendant. Williams v. Kansas City, supra; Sapp v. Key, supra, 287 S.W.2d 779 [6].

The trial court's order granting a new trial on the issue of damages only is affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL C., is adopted as the opinion of the court.

All concur.