**Verene WESSELS, Respondent,**

v.

**Virgil W. SMITH, Appellant.**

No. 48033.

Supreme Court of Missouri,

Division No. 1.

Dec. 12, 1960.

Downs & Pierce, St. Joseph, for appellant.

Randolph & Randolph, by Lewis F. Randolph, Jr., St. Joseph, for respondent.

COIL, Commissioner.

About 10:45 in the morning of September 27, 1958, Verene Wessels stopped her automobile to wait for opposing traffic to clear so that she could make a left turn.

Some seconds later Virgil Smith drove the front of his car into the rear of the stationary vehicle. In Miss Wessels' action for $27,010.78 damages against Smith, the jury awarded $1,000 for her alleged injuries and monetary loss and expense. Defendant did not file a new trial motion. The trial court sustained plaintiff's motion for new trial on the issue of damages only on the ground that the verdict was inadequate. Defendant has appealed and contends that the trial court abused its discretion in granting a limited new trial on the ground specified because "the evidence when weighed preponderates in favor of the jury award" and because the damages issue may not be fairly tried separately from the issue of liability.

We shall construe defendant's first stated reason as a contention that there was no substantial evidence to justify the trial court in finding that the $1,000 verdict was grossly inadequate. For if, viewed favorably to the trial court's ruling, there was substantial evidence to reasonably support the trial court's order, there could be no abuse of discretion. Steuernagel v. St. Louis Public Service Co., 361 Mo. 1066, 238 S.W.2d 426, 431[9–13].

Plaintiff, who was single and 53 at trial time, was employed at the time of the accident and at the time of trial. As a result of her injury she had lost wages for ten weeks in the total sum of $865, and had incurred hospital and doctor bills in the sum of $599.78. The trial court, therefore, reasonably could have believed that plaintiff's medical and hospital expenses and her loss of wages exceeded the jury's verdict by $464.78. Defendant's contention that the full amount of $865 may not be plaintiff's lost wages resulting from the accident because the evidence showed that during the time she was away from work she took a "vacation," is fallacious in view of the fact that there is nothing in the evidence to justify, much less compel, that conclusion.

Under the noted circumstance that the trial court reasonably could have found that plaintiff's special damages exceeded the jury's award by $464.78, a brief résumé of plaintiff's evidence relating to her injuries will suffice to demonstrate that defendant's first contention is not meritorious.

Plaintiff sustained a compression fracture of the lateral mass or isthmus of her sixth cervical vertebra on the left. The fracture was stabilized and healed by trial time but the compressed condition of the lateral mass, which was described as a "deformity of the isthmus," was permanent. Plaintiff was hospitalized on October 9 and her neck was placed in traction until October 15, 1958, when she was discharged. Her doctor prescribed a plastic brace to stabilize her neck which she wore thereafter day and night until the following May and which she had since worn at times and still wore occasionally at the time of trial. She had suffered neck pain, severe headaches, pain in her left shoulder and arm and in the small of her back, and had experienced difficulty in sleeping. At trial time she continued to suffer the same pain and headaches and continued to have trouble in sleeping; she had become extremely nervous and experienced limitation in the motion of her neck on both lateral and forward and backward movements.

Plaintiff had been under the care of an orthopedic surgeon and an osteopathic physician who specialized in orthopedics. There was medical testimony that she would continue to suffer pain related to the injury to her cervical spine for an indefinite period and would continue to have some limitation of motion in the area of the cervical spine and in the dorsal-lumbar area; and that plaintiff's injury had probably caused pressure on a nerve which might be responsible for some of her pain.

The foregoing is sufficient to clearly demonstrate that there was substantial evidence from which the trial court reasonably could have found that the $1,000 verdict was grossly inadequate and, consequently, that court did not abuse its discretion in sustaining plaintiff's new trial

■ ▬▬▬▬▬▬▬▬▬▬

motion on the ground that the verdict was inadequate. Underwood v. Brockmeyer, Mo., 318 S.W.2d 192, 195.

■ Defendant's further contention that the trial court abused its discretion in granting a new trial on the issue of damages only is also without merit. To support his contention in that respect, defendant says that the facts pertaining to damages and liability were so interwoven that the retrial of the damages question only would "prejudice" the defendant. That conclusion, however, is unsupported in the argument. Defendant argues that there was a conflict in the evidence as to the manner in which the accident happened and that under one version the impact was not violent and, therefore, the liability issue is "closely tied to the question of damages." As we read the record, there was very little conflict in the evidence as to the manner in which the accident occurred; indeed, defendant attempted no explanation of why he did not see plaintiff's automobile in time to have avoided hitting it. But even if there were many conflicts in the evidence, that fact, standing alone, does not tend to demonstrate that the damages and liability issues may not fairly be tried separately. And, of course, the nature and force of the impact may be shown as relevant facts at a retrial on the issue of damages.

■ When a trial court has acted under its authority to grant a new trial on "part of the issues," Civil Rule 78.01, V.A.M.R., it is deemed to have determined that injustice to defendant will not thereby result. Thus, we may not properly hold that a trial court has abused its discretion by granting a new trial on the issue of damages only unless it is made to appear upon the record, contrary to the trial court's finding, that the damages issue may not be tried alone without injustice to the defendant. Williams v. Kansas City, Mo., 274 S.W.2d 261, 263[2-4]; Sapp v. Key, Mo., 287 S.W.2d 775, 779[6]; Underwood v. Brockmeyer, supra, 318 S.W.2d 195[11]. Defendant has failed to show that, upon this record, the damages issue may not be fairly tried alone.

The trial court's order granting plaintiff a new trial on the issue of damages only is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.
The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.