Verene **WESSELS**, Respondent,

v.

Virgil W. **SMITH**, Appellant.

No. 49246.

Supreme Court of Missouri,

Division No. 2.

Dec. 11, 1962.

Randolph & Randolph, St. Joseph, for respondent.

Downs & Pierce, St. Joseph, for appellant.

STOCKARD, Commissioner.

■ Defendant has appealed from an order of the trial court granting plaintiff a new trial on the issue of damages only after a jury verdict in the amount of $1,500. Jurisdiction of this appeal is in this court because the action of the trial court reinstated plaintiff's claim under the petition in which she sought damages in excess of $27,000. Bartlett v. Kansas City Public Service Co., 349 Mo. 13, 160 S.W.2d 740; Johnston v. Ramming, 340 Mo. 311, 100 S.W.2d 466; Sofian v. Douglas, 324 Mo. 258, 23 S.W.2d 126. By way of caveat, however, we note the different rule when plaintiff appeals from an order allowing a new trial to defendant when the verdict was less than our jurisdictional amount. See State ex rel. Long v. Ellison, 272 Mo. 571, 199 S.W. 984; Deaver v. St. Louis Public Service Co., Mo.App., 199 S.W.2d 83.

The order of the trial court granting the new trial from which this appeal is taken states that it was entered "on the grounds that the verdict in the sum of Fifteen Hundred Dollars ($1,500.00) for the plaintiff is inadequate." That was the only ground for new trial set forth in plaintiff's motion.

■ The defendant's only contention on this appeal is that "The trial court erred in granting plaintiff a new trial on the ground that the jury award was inadequate because plaintiff had heretofore in the first trial been granted a new trial on this ground." We have searched the transcript filed in this appeal in vain to find anything there which indicates that a previous new trial was granted for that reason. However, in appellant's brief he refers to a previous opinion by this court in Wessels v. Smith, Mo., 341 S.W.2d 104, and by taking judicial notice of our own files pertaining to a previous appeal in the same case (see Bushman v. Barlow, 321 Mo. 1052, 15 S.W.2d 329), we find that after a previous trial of this case, in which the jury returned a verdict in favor of plaintiff in the amount of $1,000, a new trial was allowed the plaintiff on the issue of damages only on the ground that the verdict was inadequate.

Civil Rule 78.01, V.A.M.R., provides that the trial court may grant a new trial for the reasons and under the circumstances therein set out, but that "Only one new trial shall be allowed on the ground that the verdict is against the weight of the evidence." The rule also requires that every order allowing a new trial shall specify of record the ground or grounds on which the new trial is granted. The ground for allowing a new trial in the first and in the second trial of this case was that "the

verdict is inadequate." This is not the precise language of the rule which defines the one situation in which only one new trial to a party may be allowed. However, the trial court could not make the determination that the verdict was inadequate without weighing the evidence and concluding that the verdict in the amount rendered was against the weight of the evidence. In fact, that is the only basis on which a verdict can be determined to be inadequate.

 The courts have repeatedly stated that the effect of allowing a new trial " 'on the ground of the inadequacy of the damages' " is " 'to grant a new trial on the ground that the verdict was against the weight of the evidence,' " and that " 'the trial court, in the exercise of its judicial discretion, had the power to grant one new trial on that ground.' " Underwood v. Brockmeyer, Mo., 318 S.W.2d 192. See also Steuernagel v. St. Louis Public Service Co., 361 Mo. 1066, 238 S.W.2d 426; Sapp v. Key, Mo., 287 S.W.2d 775; Combs v. Combs, Mo., 295 S.W.2d 78; Sofian v. Douglas, 324 Mo. 258, 23 S.W.2d 126; Coats v. The News Corporation, 355 Mo. 778, 197 S.W.2d 958; O'Shea v. Pattison-McGrath Dental Supplies, Inc., 352 Mo. 855, 180 S.W.2d 19; Widener v. St. Louis Public Service Co., 360 Mo. 761, 230 S.W.2d 698; State ex rel. State Highway Commission v. Liddle, Mo.App., 193 S.W.2d 625; Gedville v. Mahacek, Mo.App., 231 S.W.2d 305; Aut v. St. Louis Public Service Co., 238 Mo. App. 1136, 194 S.W.2d 753.

 As previously noted, the only issue on this appeal is the legal question whether the trial court had authority to enter the order allowing a new trial on the ground set forth in its order. Appellant does not contend on this appeal that if the trial court had such authority the order allowing the new trial was improper for some other reason. Respondent has filed no brief. Under no possible circumstance can the testimony in the second trial on the issue of damages have any bearing, directly or in-

directly, on any issue preserved and presented for appellate review. However, appellant has filed a transcript here containing over 200 pages of testimony pertaining only to the issue of damages. If proper and authorized arrangements had been attempted to use an abbreviated transcript, but which were unsuccessful because the prevailing party on this appeal insisted on the testimony pertaining to damages being included, this unquestionably would present a situation for this court to tax costs as authorized by Civil Rule 82.12, V.A.M.R.

The order granting a new trial is reversed and the cause remanded with directions to reinstate the verdict and judgment.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.