Mary G. RAY, and Mary G. Ray, Administra-
trix of the Estate of Lewis C. Ray,
Deceased, Respondents,

v.

Marilyn BARTOLOTTA, Appellant.

No. 51850.

Supreme Court of Missouri,
Division No. 1.

Dec. 12, 1966.

———◆———

Lillie Knight, Kansas City, for plaintiffs-
respondents.

E. E. Thompson, Kansas City, for appel-
lant, Popham, Thompson, Popham, Trusty
& Conway, Kansas City, of counsel.

HOUSER, Commissioner.

This is an appeal by defendant Marilyn Bartolotta from an order of the circuit court granting plaintiff Mary G. Ray a new trial on the issue of damages only on Count I of her petition for personal injuries, property damages and loss of earnings and earning capacity, and granting her, as administratrix of her husband's estate, a new trial on the issue of damages only on Count II of the petition originally filed by Lewis C. Ray for loss of her services and for the cost of medical services, medicines and hospital care for her.

Mary G. Ray was injured while driving an automobile on the approach to the 6th Street Trafficway in Kansas City. While stopped for the main flow of traffic, awaiting an opportunity to enter the trafficway, her automobile was struck from the rear by an automobile driven by defendant. Jury verdicts for $200 for Mary Ray and $300 for Lewis Ray were returned.

Mary Ray and Lewis Ray each filed a separate motion praying the court to grant a new trial "on the issue of damages only," based on identical reasons: "1. Because said verdict as to the amount of damages is against the weight of the evidence" and "2. Because the amount of damages awarded by said verdict is grossly inadequate." Nine days after judgment the court entered the following order: "Plaintiff, Mary G. Ray's Motion for a New Trial on the issues of damages only is sustained. Plaintiff Louis G. Ray's Motion for a New Trial on the issues of damages only is sustained."

Lewis C. Ray died after the appeal was taken and as administratrix Mary G. Ray was substituted as party plaintiff in Count II.

■ This Court has jurisdiction because the action of the trial court reinstated Mary G. Ray's claim under Count I, which is for an amount in excess of the jurisdictional limit of the courts of appeals, § 477.040, RSMo 1959, V.A.M.S., to wit: the $15,000

for which she originally prayed plus $150 for damage to her automobile which by leave of court she added to her claim at the time the trial commenced. Wessels v. Smith, Mo.Sup., 362 S.W.2d 577.

■ We begin by reversing the order on Count II and dismissing Count II with prejudice. Count II is based upon Lewis C. Ray's right to recover for loss of the comfort, companionship, consortium and aid of his wife and for the cost of hospital and medical services rendered and to be rendered to her. Such an action, founded on tort, does not survive the death of the husband, and § 537.020, V.A.M.S., providing for the survival of causes of action for personal injuries, does not apply to this type of action. State ex rel. National Refining Co. v. Seehorn, 344 Mo. 547, 127 S.W.2d 418.

■ Attending now to the order entered on Count I, appellant contends that the court did not specify of record any ground on which the motion was sustained, as required by Civil Rules 75.01 and 78.01, and therefore a presumption of error arises and the burden of supporting the action of the court is placed on respondent under Civil Rule 83.06(b). No presumption that the trial court erroneously granted the motion for new trial arises in this case, however, for the reason that under this record the ground on which the new trial was granted sufficiently appears of record.

The motion for new trial, while apparently setting forth two reasons, in legal intendment and effect asserted only one reason why the court should grant a new trial, namely, that the verdict as to amount of damages was against the weight of the evidence. Paragraph 1 so alleged in terms. Paragraph 2 so alleged by the use of equivalent words. An allegation that the amount of damages awarded by a verdict is inadequate is the equivalent of an allegation that the verdict as to damages is against the weight of the evidence. We reach the conclusion on analogy to the rule that the

action of a court in granting a new trial on the ground of inadequacy of the verdict is the equivalent of granting a new trial on the ground that the verdict is against the weight of the evidence.[1]

The court took up this motion for new trial on the issue of damages only, based on one and only one ground, considered and sustained it on the issue of damages only. The court could have granted a new trial on its own motion and for its own reasons within 30 days after judgment, notwithstanding this motion with stated grounds was pending, 66 C.J.S. New Trial § 115, p. 329, but it did not do so. Instead, it sustained this limited motion based on one and only one ground. By its very act of sustention the court specified the ground on which it acted.

■ When a trial court sustains a motion for new trial on the ground that the verdict is against the weight of the evidence an appellate court as a matter of policy will not interfere if there is any substantial evidence to support the trial court's action, unless the court has exercised its discretion arbitrarily or abusively. The question therefore is whether, considering the evidence from the standpoint favorable to movant, it can reasonably be said that the jury's award on Count I was inadequate. Widener v. St. Louis Public Service Co., 360 Mo. 761, 230 S.W.2d 698, 699, 700 [1, 2]; Bierman v. Langston, Mo.Sup., 304 S.W.2d 865, 868.

Plaintiff's evidence indicated the following: She had turned her body to look back to the trafficway at the time of the impact. The force of the impact knocked Mary Ray's car 8 to 10 feet, from the northern-most portion of the 2-lane approach to the southernmost portion, towards the guard railing, bending the trunk lid, bumper, bumper guards and trailer hitch and breaking the taillight. There was a crashing sound of metal on metal and the force of the impact knocked Mrs. Ray's body forward and then jerked her back against the seat. At the time of the collision and immediately following she felt pain in her back and shoulders, upper shoulders, neck and head. After exchanging names with defendant Mrs. Ray drove home. On the way home she was nauseated. She put a heat pad on her neck and took two aspirins and went to bed. This was on Friday. On Saturday she stayed in bed most of the day and continued the heat applications but did not get any better. She kept on applying heat and taking aspirins on Sunday. On Monday she went back to work, got sick, left her work and went to her family doctor's office, about noon. After examining her the doctor gave her prescriptions to relieve the pain and relax the muscles. She had the prescriptions filled, went home, took the medicines and went to bed. That evening she and her husband went out to eat but she got sick at the restaurant. After they got her home she "passed out" and was taken to the hospital in an ambulance. She was nauseated and her back hurt badly. Medicine for nausea helped but the nausea persisted for a week. Her doctor saw her every day. After 10 days in the hospital she went home and there spent another 10 days before going back to work. She rested, spent time in bed. She became an outpatient at the hospital, taking physiotherapy (heat and massage) three days a week for two weeks, followed by exer-

1. "The courts have repeatedly stated that the effect of allowing a new trial ' "on the ground of the inadequacy of the damages" ' is ' "to grant a new trial on the ground that the verdict was against the weight of the evidence," ' * * *." Wessels v. Smith, supra, citing eleven cases, 362 S.W.2d, l. c. 579 [4]. "When a trial court specifies as a ground for sustaining a motion for a new trial that the award of the jury is inadequate, it is equivalent to saying that, in the mind of the trial judge, the verdict (amount of the award) is contrary to the weight of the evidence." Widener v. St. Louis Public Service Co., 360 Mo. 761, 230 S.W.2d 698, 699 [1].

cises taken at home for her arm. Two months later she went back to the hospital for two weeks of additional therapy, 5 days a week. For weeks after her release from the hospital she continued to make visits to her doctor, and she was still seeing the doctor 2 weeks before the trial, for relief of pain in her back, and pressure. Her total loss of salary was $256. At trial time, approximately one year after the accident, she was continuing to suffer pain in her back and left arm. The use of her left arm was limited. She was taking medication for pain four times a day and doing exercises twice a day as prescribed by the doctor. She was able to do her work but it caused her pain if she had to use her left arm, and she experienced more severe pain following a day's work, and when the weather was cold. The doctor testified that following the collision he found neck muscle spasm, tenderness, pain on movement of the neck, upper-back pain with radiation around to the left chest wall, and tenderness over both shoulder areas. X rays indicated loss of curvature of the neck due to muscle spasm. He felt the pain in the upper dorsal region of her back was due to neuritis; that neuritis can be caused by trauma; that the pain in her shoulder and arm was due to the injury in her neck region; that she had 20 physiotherapy treatments. At one time she was given traction to try to relieve the pressure on pinched nerves and relax the ligaments. When he last saw her a few weeks before trial she had substantially the same complaints she had in the hospital, back pain radiating around the ribs, and pain on left arm movement. In his opinion the symptoms found on his examination following the collision were due to trauma experienced in the collision and her injuries were of a permanent nature. There was testimony that plaintiff's automobile was damaged to the extent of $150.

Defendant emphasizes evidence showing that plaintiff experienced a number of previous operations and afflictions (fracture of a collarbone, removal of a breast tumor, gall bladder surgery, additional surgery for repair of a rupture of the incision made during the gall bladder surgery, palpitation of the heart, chest pains, symptoms of ulcer, female complaints); that she had been hospitalized a number of times prior to the incident in question; that the impact between the two automobiles in this case was very slight; that the force of the collision was so small that plaintiff's body did not come in contact with any part of the interior of the car except the seat; that her clothes were not disarranged and her glasses not disturbed; that the doctor's examination of plaintiff at the hospital revealed no bruises or reddening of the skin on any portion of her body; that defendant's examining doctor's findings were all negative for any evidence to substantiate plaintiff's symptomatic complaints. Defendant concludes that plaintiff's injuries were trivial and minimal, and that her complaints can be accounted for as having had their origin in many of the ailments and conditions which plaintiff experienced in her past medical history. These facts, however, are not for our consideration for the reason that on this appeal we are obliged to consider the record from the standpoint most favorable to plaintiff. Underwood v. Brockmeyer, Mo.Sup., 318 S.W.2d 192 [5].

Viewed in this light and from this vantage point it is clear that there was evidence from which the trial court reasonably could have found that the $200 verdict on Count I was grossly inadequate and that the trial court did not abuse its discretion in sustaining the motion for new trial for inadequacy of the verdict. Wessels v. Smith, supra; Underwood v. Brockmeyer, supra. The effect of this verdict is to allow plaintiff only $200 of her undisputed loss of wages of $256 and nothing for pain and suffering, permanent injury to her arm and damage to her automobile. On the question of inadequacy see English v.

Thrower, Mo.App., 146 S.W.2d 667 and Ulrich v. Kiefer, Mo.App., 90 S.W.2d 140.

Defendant contends that if a new trial is to be granted it should be granted as to all issues and not restricted to the issue of damages only; that to justify this action it must have been clearly established that a new trial thus limited would not result in prejudice or injustice to defendant, and that the court abused its discretion in so limiting it. Section 510.330, RSMo 1959, V.A.M.S. provides that a new trial may be granted on all or part of the issues after trial by jury. "When a trial court has acted under that authority, it is deemed to have considered whether injustice to defendant would result and we may not properly hold that the court has abused its discretion by granting a new trial on the issue of damages only unless it is made to appear upon the record that the damages issue may not be tried alone without injustice to the defendant." Underwood v. Brockmeyer, supra, 318 S.W.2d, l. c. 195 [11]. The record does not demonstrate that any such injustice would result. " * * * [T]he evidence as to the manner in which the accident occurred and the violence of the collision is relevant at a trial of the issue of damages only * * *." Underwood v. Brockmeyer, supra, 318 S.W.2d, l. c. 195 [10]. On retrial, therefore, defendant may offer the evidence previously introduced tending to show that the impact between the cars was not great; that plaintiff's car was pushed forward no more than a foot or a foot and a half; that plaintiff immediately alighted from her automobile; that her clothes and glasses were not in disarray, etc. Defendant may also offer whatever evidence she may have showing that plaintiff's complaints arise out of her previous medical history and do not have their origin in this collision.

The order of the circuit court on Count I is affirmed and the cause remanded for a new trial of Count I on the issue of damages only; the order on Count II is reversed and Count II is dismissed with prejudice.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.