WILLIAM M. KIMBERLIN, Special Judge.
This is a condemnation proceeding brought by the State of Missouri at the relation of the State Highway Commission of Missouri to acquire a right-of-way for the construction and maintenance of Interstate Route 55 in St. Louis County, Missouri. The parties will be referred to as plaintiff and defendant. A tract of defendant’s land was condemned for the right-of-way. The commissioners appointed by the court awarded the defendant the sum of $66,968 which sum was withdrawn from the registry of the court by the defendant. Both plaintiff and defendant filed exceptions to the award. At the trial witnesses for the defendant testified his damages were in varying amounts — i. e.: $160,000 — $140,000— $121,000 and $111,165.12. The plaintiff’s witnesses testified defendant’s damages were in the amounts of $37,300 to $39,800. The jury returned a verdict of $50,000 and judgment was entered thereon allowing the plaintiff a recovery in the amount of $16,968 with interest thereon at six per cent from the date the defendant withdrew from the court the award of the commissioners. This latter figure represents the amount the commissioners’ award was in excess of the jury’s verdict. Because of the amount in dispute we have jurisdiction.
This same cause was previously tried and on appeal in this court was reversed and remanded for error in the improper admission of certain evidence. State ex rel. State Highway Commission v. Klipsch, Jr., et al., Mo.Sup., 392 S.W.2d 287. The defendant, on November 4, 1965 filed a motion for new trial, coupled with the affidavits of certain jurors. These affidavits concerned conduct of certain jurors during the trial recesses *785 and during their deliberations. The motion for new trial assigned ten grounds as a basis for a new trial. Assignment number one was that the verdict is against the weight of the evidence and assignment number two was that the verdict is inadequate. For the purpose of this opinion it is not necessary to set forth the other assignments of error.
Thereafter and on January 27, 1966, the following order was entered by the trial court:
“Motion of defendant for a new trial heretofore filed, argued and submitted is now by the court, after a further examination of the record and the law involved, sustained.
(Signed) D. L. C. Jones, Judge.”
Thereafter, on January 28, 1966, the following order was entered by the court:
“On Court’s own motion, entry of 26 (sic) January 1966 corrected by inserting the words ‘on all grounds, pursuant to Supreme Court Rule 78.01’ following the last word, to-wit: ‘sustained.’
(Signed) D. L. C. Jones, Judge.”
Plaintiff appealed from the order granting the defendant a new trial. The plaintiff filed a statement with this court refusing to file the first brief on appeal unless ordered to do so. The reason stated being that the new trial order did riot specify the ground or grounds upon which the new trial was granted, since certain grounds in said motion preserved nothing for review and further that one of the grounds in the motion for a new trial had heretofore been ruled adversely to the defendant on the first appeal. Subsequently, and on the 10th day of October, 1966, this court ordered the plaintiff to prepare the first brief on appeal.
The plaintiff has briefed and argued six propositions challenging the validity of the trial court’s order; however for the purpose of this opinion it is only necessary that we set forth one of them.
Plaintiff contends the order in its form does not indicate that the new trial was granted on any discretionary grounds contained in defendant’s motion because the court’s order purports to sustain said motion on all grounds stated in the motion (see Civil Rule 83.06(c)); that said motion contains an allegation of error previously held by this court on the first appeal to be proper; that the motion stated an allegation of error which preserved nothing for review. Therefore the trial court’s order is against the law of the case and is not an exercise of discretion, or, if an exercise of discretion, it is an abuse of discretion.
Section 510.330, V.A.M.S., and Civil Rule 78.01, V.A.M.R., provide in part as follows:
“ * * * Only one new trial shall be allowed on the ground that the verdict is against the weight of the evidence. Every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted.”
The trial Court’s order stated the motion for new trial was sustained “on all grounds.” One of the grounds in the motion was that the verdict is against the weight of the evidence. A second ground was the verdict is inadequate.
This court in the very recent case of Ray v. Bartolotta, Mo.Sup., 408 S.W.2d 838, has ruled that these two grounds of error are equivalent in legal intendment. In the course of the opinion this court stated at 1. c. 839:
“The motion for new trial, while apparently setting forth two reasons, in legal intendment and effect asserted only one reason why the court should grant a new trial, namely that the verdict as to amount of damages was against the weight of the evidence. Paragraph 1 so alleged in terms. Paragraph 2 so alleged by the use of equivalent words. An allegation that the amount of damages awarded by a verdict is inadequate is the equivalent of an allegation that the verdict as to damages is against the weight of the evidence. We *786 reach the conclusion on analogy to the rule that the action of a court in granting a new trial on the ground of inadequacy of the verdict is the equivalent of granting a new trial on the ground that the verdict is against the weight of the evidence.”
It is a well established principle that a trial court has broad discretionary power to grant one new trial on the ground that the verdict is against the weight of the evidence. Robinson v. Wampler, Mo.Sup., 389 S.W.2d 757; City of St. Charles v. De Sherlia, Mo.App., 308 S.W.2d 456. This ruling will not be disturbed or interfered with by an appellate court as a matter of policy if there is substantial evidence to support the trial court’s action unless there has been an abuse of discretion. Ray v. Bartolotta, supra, Gibson v. Newhouse, Mo.Sup., 402 S.W.2d 324 and State ex rel. State Highway Commission v. Belvidere Development Company, Mo.Sup., 315 S.W.2d 781. It is the province of this court to review the record to ascertain .only if there was substantial evidence to warrant a verdict for the party in whose behalf the motion was sustained. Andres v. Brown, Mo.Sup., 300 S.W.2d 800; Dawson v. Scherff, Mo.Sup., 281 S.W.2d 825.
Plaintiff’s chief attack on this new trial order is that it does not indicate that it was granted on any of the discretionary grounds of the motion because it is sustained on “all grounds.” It is further argued by plaintiff that the motion contains an allegation of error ruled proper by this court in the previous trial, therefore, the order is against the law, and an abuse of discretion.
We are unable to agree with that reasoning. Webster defines the word “all” as “each one of,” and so it is this court’s interpretation of the order that it was sustained on each of the assigned grounds of error. Plaintiff refers to the trial court’s ruling as a “shotgun” order. This may be true in a sense, but that does not make the order any less effective. Suppose the motion would have contained only one assignment of error to-wit: that the verdict was against the weight of the evidence, and the trial court’s order would have read the same as it did in the instant case. Would the fact the order used the word “all” have resulted in a denial of the right of the defendant to a new trial ? We think not. The case of Benton v. St. Louis San Francisco Railway Co., Mo.Sup., 182 S.W.2d 61 cited by the plaintiff does not support its position. This was a personal injury action in which judgment was for the defendant in the trial court. A new trial was granted the plaintiff. The opinion does not set forth the various assignments of error, but in any event the court held the plaintiff did not make a submissible case and ordered the judgment for the defendant reinstated. Therefore the verdict could not have been against the weight of the evidence or inadequate.
It is our view that the fact the trial court’s ruling might not have been proper on each and every assigned ground should not render the order ineffectual and deny the defendant a new trial, when in truth and in fact it was correct on at least two of the assigned grounds. It is elemental in our jurisprudence that a single ground of error, if prejudicial, is sufficient to warrant granting a new trial. Hence, the plaintiff’s contentions that one of the assignments of error had been ruled adversely to the defendant on the first appeal and that one of the assignments preserved nothing for review are unavailing to it.
The order stated the motion was sustained on “all grounds.” The first assignment in the motion was that the verdict is against the weight of the evidence. The second was that the verdict is inadequate. This is a sufficient specification of the grounds for sustention under the statute and the Rule of Civil Procedure, supra. The order being a discretionary one it can only be disturbed if there has been an abuse of discretion. There was evidence adduced at the trial on behalf of the defendant to the effect defendant’s damages were as high as $160,000. There was substantial evidence *787 in the trial court to support a higher verdict for the defendant, therefore, there was no abuse of discretion.
The order of the trial court sustaining the motion for new trial is affirmed.
PER CURIAM:
The foregoing opinion by KIMBERLIN, Special Judge, is adopted as the opinion of the Court.
All concur.