Mary Ellen **CARNELL** and Clarence E. Carnell, Respondents,

v.

**DAIRYMAN'S SUPPLY COMPANY** and Vester Lois Moreland, Appellants.

No. 52647.

Supreme Court of Missouri, Division No. 1.

Dec. 11, 1967.

James M. Reeves, Ward & Reeves, Caruthersville, for respondents.

Dwight Crader, Sikeston, for appellants.

WELBORN, Commissioner.

This is an action for damages arising out of an automobile-truck collision. The action was brought by Mary Ellen Carnell and Clarence E. Carnell, husband and wife, occupants of the automobile, against Dairyman's Supply Company, owner, and Vester Lois Moreland, driver, of the truck. The petition was in five counts. Count I sought damages of $7500 on behalf of Clarence Carnell for personal injuries. Count II sought damages of $8,000 on behalf of Mary Ellen for personal injuries. By Count III Clarence sought damages of $2,000 for injuries to his wife. Count IV sought $1500 on behalf of Mary Ellen on account of injuries to her husband. Count V sought $1,000 for damages to the auto jointly owned by plaintiffs. The jury's verdict was as follows:

Count I — For plaintiff Clarence Carnell for $75.00;

Count II — For plaintiff Mary Ellen Carnell for $100.00;

Count III — For defendants;

Count IV — For defendants, and

Count V — For plaintiffs for $160.61.

The trial court sustained plaintiffs' motion for a new trial as to all counts "for the reason that the verdict of the Jury is against the weight of the evidence and is inadequate on all five counts." The defendants have appealed from the order granting a new trial.

The appellants concede the obviously discretionary character of the grounds for award of a new trial. Underwood v. Brockmeyer, Mo.Sup., 318 S.W.2d 192, 193–194 [1–4], [5]; Wessels v. Smith, Mo.Sup., 362 S.W.2d 577, 579 [4]; Ray v. Bartolotta, Mo.Sup., 408 S.W.2d 838, 840 [4]. Our review is limited to the question of whether the action of the trial court was an abuse of discretion. If there was substantial probative evidence, viewed in the light most favorable to the trial court's action, to

support the order, there was no abuse of discretion. Sapp v. Key, Mo.Sup., 287 S. W.2d 775, 779 [2–5]; Underwood v. Brockmeyer, supra.

Viewing the evidence in such light, it shows that both plaintiffs sustained "whiplash" type injuries when their automobile was struck in the rear by the Dairyman's Supply truck driven by Moreland. The accident occurred as both vehicles were driving east on Route U in Pemiscot County on August 31, 1965. The truck overtook the auto driven by plaintiff Clarence Carnell and the front of the truck struck the rear of Carnell's Ford. The truck jackknifed and turned over in the ditch. Moreland was not injured and he apologized at the scene to the Carnells for striking their vehicle.

Both plaintiffs testified that the blow to their auto was strong enough to cause their heads to snap backwards. Neither sustained external injuries. They drove to Caruthersville, their residence, and attempted to see their family physician, but were unable to do so. They went to Dr. Carl Bird, a chiropractor. Doctor Bird found that Mrs. Carnell had suffered "a cervical strain, as the result of a whiplash injury, moderate in nature." Although his diagnosis was based to a large extent upon subjective complaints, Doctor Bird testified that he found quite a bit of muscular spasm in the neck region and that X-rays showed a lessening of the cervical curve caused by "musculature contraction" resulting from some degree of injury there. Doctor Bird also found a moderate cervical strain upon his examination of Clarence Carnell. He noted muscle spasm, limitation of head movement, an area of discoloration in the right shoulder and sensitivity to palpation of the right scapular musculature. Doctor Bird treated both plaintiffs on September 1, 18, 20, 22, 27, 28 and October 4, 1965. Mrs. Carnell received diathermy in the form of heat, intermittent traction to the cervical spine and soft tissue manipulation. Mr. Carnell's treatment consisted of galvanism and soft tissue manipulation. Doctor Bird's charges were $60 for his services to Clarence and $90 for services to Mrs. Carnell.

Appellants' brief fairly summarizes the plaintiffs' description of the injuries sustained by them as follows:

"Mary Ellen Carnell testified that she was a school teacher, that her neck was injured, that she had headaches immediately after the collision, that her back was hurting, that following the accident she consulted Dr. Carl B. Bird of Caruthersville, Missouri, that she had no skinned places, that x-rays were made, that she was treated by Dr. Bird for about two months, that she has not recovered from her injuries, that she has headaches and her neck hurts, that since the accident she has been having eye trouble and had to start wearing glasses, that she has difficulty in sleeping at night, that she can't do housework like before the accident, * * *."

"Clarence E. Carnell, a school teacher, testified that he was injured on the right side of the neck and underneath the right shoulder blade, that he now has difficulties raising up his right arm, that following the accident he consulted Dr. Carl Bird, that Dr. Bird massaged his neck and shoulder, that x-rays were made the next morning, that he received about eight more treatments, that his medical expense was approximately sixty dollars and his wife about ninety, that since the accident he has been unable to throw baseballs with his son, that since the accident he has had to hang up the clothes, take them out of the washing, and help with the dishes and vacuuming, that he was unable to take a short trip to Nashville and go to five weeks of college because it hurt him to drive an automobile, that he has pain in the use of his arm now under the right shoulder blade and in the right side of his neck, * * *."

Dr. A. F. Brookreson, M. D., who examined plaintiffs on August 26, 1966, approximately a week before the trial, found tenderness and a moderate rigidity in Mrs. Carnell's cervical spine, and rigidity in Mr.

Carnell's cervical spine, with limitation of rotation of the head. Doctor Brookreson testified that the symptoms which he found could have resulted from an occurrence such as the automobile collision in which the plaintiffs were involved.

■ Although appellants in their brief have devoted several pages to the testimony of the defendants' medical witnesses, we are, of course, not permitted to weigh such testimony, unfavorable to plaintiffs, against the evidence above recited, favorable to plaintiffs.

■ There clearly was evidence from which the trial court could reasonably have found that the $75.00 verdict for Clarence and the $100 verdict for his wife were grossly inadequate. Appellants seek to minimize the injuries as "trivial," evidenced largely by subjective complaints. However, plaintiffs' evidence would clearly authorize a finding otherwise. Appellants emphasize that plaintiffs, both of whom were school teachers, lost no time from their jobs and, therefore, no wages as a result of their injuries. In part, this was explained by the fact that their period of treatment, to some extent, coincided with the "cotton picking vacation" of the school at which they taught. In any event, the absence of loss of wages would not render the ruling of the trial court unreasonable and an abuse of discretion. See Mahowald v. Garrison, Mo.App., 397 S.W.2d 713, 715–716 [1]. We conclude that the trial court's order as to Counts I and II was not an abuse of discretion.

■ By Count III, Clarence sought to recover for loss of services, society, companionship and consortium of his wife and for medical expenses paid by Clarence for his wife's injury. The evidence was that Clarence paid $90 for his wife's medical expenses and that his wife's ability to perform her household services had been impaired. In such circumstances, the trial court properly could conclude that the verdict of the jury favorable to defendants on this count was against the weight of the evidence, particularly in view of the finding against defendants on the issue of liability generally.

■ Count IV, by which Mrs. Carnell sought recovery for loss of support and maintenance by her husband, and loss of society, companionship and consortium of her husband, is in a somewhat different situation. Although appellants refer to the dissenting opinions in Novak v. Kansas City Transit, Inc., Mo.Sup., 365 S.W.2d 539, and Shepherd v. Consumers Cooperative Association, Mo.Sup., 384 S.W.2d 635, we decline the implied invitation to reconsider the question of the right of a wife to maintain an action for loss of the husband's society, etc. However, as with the husband's right of action for loss of consortium (see 27 Am.Jur., Husband and Wife, § 503, p. 102), the loss of the husband's consortium is essential to the wife's cause of action. See Nichols v. Blake, Mo.Sup., 418 S.W.2d 188, 190–191 [5, 6]. We find no evidence in the record before us of any interference with or impairment of the relations between Mrs. Carnell and her husband. Nor is there evidence from which such interference might reasonably be inferred. See Manley v. Horton, Mo.Sup., 414 S.W.2d 254, 261 [15, 16]. Proof of such interference was essential to Mrs. Carnell's cause of action. In absence of such proof, no submissible case was made on her claim under Count IV, and the trial court's sustaining the motion for new trial on the grounds that the verdict on that count was against the weight of the evidence was an abuse of discretion and may not be sustained. Rose v. Thompson, 346 Mo. 395, 141 S.W.2d 824, 827–828 [1, 2], [3]; Williams v. Cass, Mo.App., 372 S.W.2d 156, 158 [1–6].

As for Count V, damage to plaintiffs' automobile, the jury's verdict was in the amount of an estimate plaintiffs obtained of the cost of repairing the damage to their automobile. However, plaintiff Clarence Carnell testified that he had worked as an automobile salesman and that he knew that the trade-in value of the car before the col-

lision was $2800, its cash value $2500, and that after the collision it had a fair market value of $1500. When asked by appellants' counsel to explain the difference between his estimate of the value of the car and the estimated cost of its repair, Mr. Carnell stated:

"If you have ever worked around a car dealership or have a hobby of fooling around automobiles like I have, it is very apparent that there are two types of cars that people do not want, and one of them is a taxicab, and the other one is a car that has been damaged in a wreck. They just won't buy them over the used car market, off of a used car lot, if they are that type of a car."

Rules here applicable are stated in Langdon v. Koch, Mo.App., 393 S.W.2d 66, 69 [5], 70 [6–9], as follows:

"* * * It is the general rule in Missouri that where an automobile or other property having a readily ascertainable market value suffers substantial injury, the proper measure of damage is the difference in the reasonable market value of the article immediately before and immediately after the injury. Hood v. M. F. A. Mutual Insurance Co., Mo.App., 379 S.W.2d 806, and cases cited at Footnote 7, p. 812; Barnes v. Elliott, Mo.App., 251 S.W. 488(4); see also West's Missouri Digest, Damages,

*   *   *   *   *   *

"It is the rule in Missouri and a great many other states that an owner may testify as to the reasonable value of an article of personalty which has been damaged or destroyed without further qualification. State ex rel. Spears v. McCullen, 357 Mo. 686, 210 S.W.2d 68, 72; Keeton v. Sloan's Moving and Storage Co., Mo.App., 282 S.W.2d 194(10); West's Missouri Digest, Evidence, The weight and value of such testimony is for the trier of the fact. 3 Wigmore, Evidence (3rd ed.) § 716, p. 48; 20 Am.Jur. Evidence, § 892,

p. 751; State ex rel. Terry v. Ace Storage & Moving Co., Mo.App., 135 S.W.2d 363(9). * * *"

Under these rules, Mr. Carnell's testimony would have constituted substantial evidence of greater damage. We cannot, therefore, say that the trial court's ruling on this count was arbitrary.

The order for new trial is affirmed as to Counts I, II, III and V. The order for new trial as to Count IV is reversed, with directions to reinstate the verdict on such count and enter judgment thereon in favor of defendants.

HOUSER, C., not sitting.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.