PRINTER'S SERVICE COMPANY,
Plaintiff–Respondent,

v.

MIAMI SYSTEMS CORPORATION,
d/b/a Springfield Tablet Company,
Defendant–Appellant.

No. 23491.

Missouri Court of Appeals,
Southern District,
Division One.

May 29, 2001.

Kevin L. Austin, Blackwell Sanders Pepper Martin, LLP, Springfield, for appellant.

Thomas Y. Auner, Janis L. Prewitt, Springfield, for respondent.

PARRISH, Presiding Judge.

Printer's Service Co. (plaintiff) brought an action on account (Count I) and an action for misrepresentation (Count II) against Miami Systems Corp. (defendant). Defendant counterclaimed for breach of warranty. The parties' claims were based on business dealings. Plaintiff constructed folders from paper provided by defendant. The paper folders were part of a product line defendant sold. Plaintiff sought pay-

ment for the services it performed in constructing the folders. Plaintiff also sought damages for an alleged misrepresentation by defendant's agents that the products initially delivered were acceptable. Plaintiff claimed the representation induced plaintiff to continue making folders for delivery to defendant; that reliance on the representation was to plaintiff's detriment.

Judgment was entered for defendant on plaintiff's petition and on defendant's counterclaim. The judgment awarded defendant $3,676.73 in damages on the counterclaim. Plaintiff filed a motion for new trial. The motion for new trial was granted. Defendant appeals the order granting a new trial. This court affirms.

Plaintiff's motion for new trial asserted that defendant failed to comply with Rule 56.01(e)(2) that provides:

> A party who has responded to written interrogatories with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired, except as follows:
>
> . . .
>
> (2) A party is under a duty to amend a prior response seasonably if the party obtains information upon the basis of which the party knows that the response (A) was incorrect when made or (B) though correct when made is no longer true.

Plaintiff's motion states, "Defendant's Interrogatory Answer Number 18 represented that Defendant had not sold any of the approximately 122,000 folders delivered to Defendant by [plaintiff]."[1] It

states the answer was dated October 7, 1999; that it was incorrect when made. The interrogatory answer was never supplemented.

The motion avers that plaintiff was prejudiced by the false statement. Plaintiff's motion argues the incorrect answer precluded plaintiff from conducting discovery relative to the 60,000 folders defendant sold and the compensation defendant received for the sale of those folders; that plaintiff was required to go to trial without being afforded an opportunity to develop evidence about defendant's use of the product for which plaintiff sought payment.

The trial court heard arguments on plaintiff's motion for new trial, after which the motion was taken under advisement. Thereafter, the court entered its order granting the motion for new trial. The order did not specify the grounds on which the motion was granted.

Defendant argues that Rule 84.05(c) applies to this appeal. It provides:

> When a trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted, the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent. In such event if the appellant serves on the respondent a statement requesting that respondent prepare the original brief on or before the time when the record on appeal is filed, the respondent shall file the original

---

1. The answer defendant filed to Interrogatory No. 18 stated:

   18. Please state whether you have sold, transferred, conveyed or in any other way parted with possession of any of the folders delivered to you by Plaintiff. If your answer is yes, please state the following:

   a. Identify each person or entity receiving such folders from you, the number received and any consideration paid;
   b. State the number of the subject folders wliich [sic] Defendant has in its possession and the location(s) thereof.
   ANSWER: No.

brief and reply brief, if any, and serve them within the time otherwise required for the appellant to serve briefs. The appellant shall prepare the answer brief and serve it in the time otherwise required for the respondent to serve the respondent's brief.

Plaintiff, as respondent, filed the original brief in this appeal. Plaintiff contends, however, that because only one ground was raised in the motion for new trial, it is presumed that ground was the basis on which the trial court granted the motion; that, therefore, no presumption arises that the motion for new trial was erroneously granted. This court agrees.

■ The only ground raised by plaintiff's motion for new trial was that defendant failed to supplement its answer to Interrogatory No. 18 as required by Rule 56.01(e)(2). It is presumed, therefore, that defendant's failure to supplement its answer to Interrogatory No. 18 was the basis for the trial court granting plaintiff's motion for new trial. *Ray v. Bartolotta,* 408 S.W.2d 838, 839–40 (Mo.1966); *Hightower v. Hightower,* 590 S.W.2d 99, 103 (Mo.App. 1979).[2] Thus, the burden of supporting the trial court's action does not fall on plaintiff. *Ray, supra,* at 839.

Defendant contends the trial court erred in granting a new trial because plaintiff "(1) showed no prejudice as a result of any alleged failure of [defendant] to supplement an interrogatory answer and (2) did not timely object to any alleged surprise at trial in that the further discovery [plaintiff] claims it would have pursued would have been irrelevant and incredible in light of the little discovery that [plaintiff] did in fact seek and that [plaintiff] is now barred

to assert any objection based upon surprise."

Defendant argues plaintiff was required to "request[ ] some corrective action or ruling" at the time of trial when surprised by defendant's representative's response that was different from the answer to Interrogatory No. 18. Defendant argues plaintiff failed to meet this requirement. Defendant relies on *Keyte v. Parrish,* 399 S.W.2d 601 (Mo.App.1966), for the proposition that this failing precludes plaintiff from obtaining a new trial.

*Keyte* was an action for property damage resulting from an accident in which a vehicle travelling on a roadway struck another vehicle that had been pulled to the side of the roadway. The left wheels of the vehicle that had been pulled to the side were still on the roadway. The driver of the automobile that was travelling on the roadway sued the person who had been driving the other vehicle. The second driver counterclaimed for property damage. The case was tried to a court without a jury. During discovery, the driver of the first vehicle submitted interrogatories asking if the other driver had names of witnesses to the occurrence that produced the lawsuit. The second driver responded that he did not.

At trial, the driver of the second vehicle called two witnesses in addition to himself. The two other witnesses had observed the occurrence in question. The second driver had known of them prior to when he answered the interrogatories. At the conclusion of the evidence, judgment was entered for the second driver. The driver of the first vehicle requested a new trial. The trial court set the judgment aside and ordered a new trial.

<hr>

2. The provisions of Rule 84.05(c) were previously found in Rule 83.06(b) and later Rule 84.05(b). The rule was renumbered from Rule 83.06 June 1, 1971, effective January 1, 1972. What was then Rule 84.05(b) became Rule 84.05(c) effective January 1, 1994.

The order setting aside the judgment and ordering a new trial was reversed on appeal. The court declared:

> Our courts have uniformly ruled that if a litigant is surprised by something that occurs during the trial he must call the attention of the court to it at the time it occurs and request some corrective action or ruling. He cannot stand mute and proceed with the trial, gambling on his chances for a favorable judgment, and then raise the question of surprise for the first time when the judgment rendered is unfavorable to him. If he gambles on the judgment in this way, he must abide by the result. This is the course pursued by [the driver of the first vehicle] in this case and the trial court did not have the right to exempt him from the consequences of his gamble. We hold on this record that the order setting aside the judgment and granting a new trial was an abuse of discretion. [Citations omitted.]

399 S.W.2d at 605–06. Defendant contends the facts of this case are analogous to those in *Keyte;* that the trial court's order granting a new trial was an abuse of discretion.

The situation in this case differs from *Keyte.* In *Keyte,* the information that was not disclosed in discovery was the existence of witnesses. The persons who should have been disclosed were produced at trial and testified without objection. The motion for new trial was directed to their testimony.

■ Here, unlike *Keyte,* the information that should have been disclosed was not entered in evidence. Defendant had an exhibit marked as "Exhibit No. 11A," described by the court reporter as "Summary of Damages." Defendant's representative, the same person who answered the interrogatories plaintiff directed to defendant, testified that he prepared the doc-ument. On cross-examination plaintiff elicited information that the document had been prepared by the witness prior to the time the interrogatories had been answered; that it included information that defendant sold and delivered to a third party 61,325 of the folders plaintiff had made. The information gleaned from the marked exhibit was contrary to the answer to Interrogatory No. 18. That exhibit, however, was not offered in evidence. Thus, there was no issue related to the disclosure of information on discovery that required objection. Unlike in *Keyte* where the information that would have been objectionable, viz., the testimony of undisclosed witnesses, was placed in evidence, Exhibit No. 11A was not offered in evidence. Plaintiff was not placed in the position of preventing it from being admitted in evidence. The adverse party in *Keyte* was placed in that position, but did not object to the testimony about which he later complained.

■ A trial court is permitted to grant a new trial when timely confronted with circumstances that indicate a party against whom judgment was rendered was denied the opportunity to present evidence relative to its case by reason of accident, mistake, inadvertence, mischance or unavoidable circumstances unmixed with neglect or inattention. *Higgins v. Director of Revenue,* 778 S.W.2d 24, 27 (Mo.App. 1989); *Hamm v. Hamm,* 437 S.W.2d 449, 453 (Mo.App.1969). Here the failure to provide an accurate response to Interrogatory No. 18 may charitably be characterized as having occurred by reason of mistake or inadvertence. (It is not necessary to speculate as to whether the failure to accurately answer the interrogatory was fraudulent.) The information sought by the interrogatory was uniquely within the knowledge of defendant. Plaintiff was neither neglectful nor inattentive in failing

to learn prior to trial that the interrogatory answer was incorrect.

As the trier of fact, the trial court was in a better position than this court to assess the effect further discovery might have had on plaintiff's case. In granting plaintiff's motion for new trial, the trial court obviously concluded plaintiff was prejudiced by defendant's failure to truthfully answer Interrogatory No. 18; that further discovery could have reasonably affected plaintiff's ability to try its case and defend against defendant's counterclaim.

Under the unusual facts in this case, plaintiff's assertion, by means of motion for new trial, that defendant committed misconduct in not accurately responding to the interrogatory was timely. The trial court did not abuse its discretion in granting that motion. *See In re Marriage of Hill,* 650 S.W.2d 726, 727 (Mo.App.1983). Defendant's point on appeal is denied. The order granting a new trial is affirmed.

SHRUM and MONTGOMERY, JJ., concur.